Ronald A. PAUL

v.

**JOHN WANAMAKERS, INC., Larry Sechuk, City of Philadelphia, Philadelphia Police Department, Detective Denbrook, a/k/a Denbeck, Police Commissioner Gregore Sambor, & Police Officer John Doe.**

Civ. A. No. 84–3011.

United States District Court,
E.D. Pennsylvania.

Aug. 27, 1984.

---

Michael J. D'Aniello, Fort Washington, Pa., for plaintiff.

Norma S. Weaver, Asst. City Sol., Philadelphia, Pa., for City of Philadelphia, Police Commissioner Gregore Sambor, Philadelphia Police Department Detective Denbrook and Officer John Doe.

Rudolph Garcia, Philadelphia, Pa., for John Wanamakers, Inc.

## MEMORANDUM AND ORDER

KATZ, District Judge.

The City-affiliated defendants have moved to dismiss this § 1983 suit. The motion will be denied in part and granted in part.

Plaintiff Ronald Paul alleges that he suddenly became semi-conscious while in the downtown Philadelphia department store John Wanamakers due to an epileptic attack and that he was arrested and searched by a Wanamakers employee and taken into custody by Detective Denbrook of the Philadelphia Police Department. Mr. Paul was held in Philadelphia Police custody from 8:50 P.M. on January 12, 1984 until approximately 5:00 A.M. on January 13, 1984. He maintains that he told Detective Denbrook and an unidentified policeman who was the Commanding Officer at the 7th and Race Street detention center that he was an epileptic and needed his medication to avoid another epileptic attack. Mr. Paul further alleges that his request for medication was denied and that he suffered an epileptic seizure while in police custody around 2:00 A.M. Plaintiff claims defendants violated his constitutional rights and alleges pendent state tort law claims as well.

*Violation of the U.S. Constitution*

The moving defendants construe plaintiff's complaint as attempting to state a cause of action against them based directly on violations of the U.S. Constitution. Since, in his response to the motion to dismiss, plaintiff denies that the complaint contains an action for a direct constitutional violation, I need not address this issue.

*42 U.S.C. § 1983 claim: Does the complained-of action by Denbrook and Doe rise to the level of a constitutional violation?*

It is clear that not every tort by a state official is a constitutional violation. For example, there have been several cases in which prisoners complained of receiving negligent medical treatment, but the complained-of treatment was found to fall short of the "deliberate indifference to serious medical needs" required to state an 8th Amendment violation. Since plaintiff here alleges that he asked for his medication and defendants refused, he has alleged "deliberate indifference" rather than negligence or malpractice. The complaint states a claim for violation of his 8th Amendment rights and/or for deprivation of liberty without due process, in violation of the 14th Amendment. *See Reeves v. City of Jackson*, 532 F.2d 491 (5th Cir.1976) (grant of motion to dismiss reversed where complaint alleged that plaintiff, a stroke victim, was found unconscious in his car and city police officers, thinking he was intoxicated, put him in the city jail and kept him there for 22 hours). Thus plaintiff has stated a claim against Detective Denbrook and Police Officer John Doe under 42 U.S.C. § 1983.

*42 U.S.C. § 1983 claim against Police Commissioner Gregore Sambor, The City of Philadelphia, and The Philadelphia Police Department.*

The Supreme Court held in *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) that under certain circumstances a municipality can be sued under 42 U.S.C. § 1983. *Monell* requires that the injury be inflicted

by execution of a government's "policy or custom."

The complaint names the City of Philadelphia and the Philadelphia Police Department as defendants and alleges that the Philadelphia Police Department failed to instruct its employees "as to the proper procedure when arresting epileptics or otherwise failed to inforce [sic] their [sic] procedures and directives."

The complaint does not allege any direct involvement by defendant Sambor in the incident but seeks to hold him responsible for failing to train and supervise Philadelphia Police Officers adequately. Since defendant Sambor is being sued in his official capacity, the suit against him is in essence a suit against the governmental entity of which he is an agent (i.e. the City of Philadelphia); *see Familias Unidas v. Briscoe,* 619 F.2d 391, 403 (5th Cir.1980).

The complaint alleges both a "custom" among Philadelphia police officers of violating the rights of epileptics, and a Police Department "policy or custom" of failing to train police officers adequately. As to the first allegation (that the rights of epileptics are frequently violated by police): plaintiff has not alleged that the City or the Police Department had an *official* policy to violate the constitutional rights of epileptics. However, the required "policy or custom" may be shown by actual practice, regardless of whether it conformed to written requirements. *See Wolfe-Lillie v. Sonquist,* 699 F.2d 864 (7th Cir.1983) (sheriff's department's widespread practice of executing outdated writs was a "policy" for purposes of § 1983 suit). Thus the complaint states a cause of action against the City and the Philadelphia Police Department.

As to the second allegation (inadequate training and supervision): the moving defendants argue that the theory of inadequate supervision and training is a negligence concept and does not rise to a constitutional level. They cite a pre-*Monell* case holding that a municipality could not be sued under § 1983 for negligence in hiring, testing and training police officers, since mere negligence will not support an action of deprivation of constitutional rights. *Jones v. McElroy,* 429 F.Supp. 848 (E.D.Pa. 1977). The weight of authority is that grossly negligent failure to supervise is actionable under 42 U.S.C. § 1983. *See, e.g., Leite v. City of Providence,* 463 F.Supp. 585, 590–91 (D.R.I.1978):

> If a municipality completely fails to train its police force, or trains its officers in a *reckless* or *grossly negligent* manner so that future police misconduct is almost inevitable, the municipality ... may fairly be termed as acquiesing in and implicity authorizing such violations. (Emphasis added)

That case held that plaintiff failed to state a claim against the city because he alleged merely that the city was negligent in its training and hiring, rather than "grossly negligent" or "reckless." *Accord, Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir.1979); *Hays v. Jefferson County, Ky.,* 668 F.2d 869 (6th Cir.1982). *See also Dewell v. Lawson,* 489 F.2d 877 (10th Cir.1974) (grant of police chief's motion to dismiss reversed where complaint alleged he failed to establish procedures and train personnel to protect against damage which resulted from plaintiff's arrest and incarceration by reason of his diabetic condition). The complaint does not specify what the City did or did not do in training and supervising its police officers; plaintiff admits that he needs further discovery on how Philadelphia police officers in general have dealt with epileptic members of the public. Plaintiff claims, however, that the allegations in Paragraph 41 of the Complaint that defendants exhibited "a reckless disregard" of his rights, is sufficient to state a claim. The motion to dismiss the § 1983 claim against the City, the Philadelphia Police Department, and defendant Sambor will be denied.

*Immunity*

The moving defendants claim immunity from suit for any pendent state law claims by virtue of Pennsylvania's Political

Subdivision Tort Claims Act ("PSTCA"), 42
Pa.C.S.A. §§ 8541 *et seq.* This act estab-
lishes tort immunity for "local agencies"
and employees of local agencies. Section
8550 provides an exception where the em-
ployees caused damage by "a crime, actual
fraud, actual malice or willful misconduct."

The complaint includes only one count
against the moving defendants, entitled
"civil rights." That count contains charges
the defendants "failed to act reasonably"
(negligence) and "restrained the plaintiff's
liberty for an unreasonable period of time"
(false imprisonment). These are evidently
the pendent state law claims. Only false
imprisonment is an intentional tort, which
would fall under the "willful misconduct"
exception to the immunity statute. The
negligence claim, since it does not fall with-
in the exception, is precluded by the
PSTCA.

Plaintiff's possible tort claims against de-
fendant Sambor do not involve willful, in-
tentional conduct and thus defendant Sam-
bor is shielded by immunity. As for the
City and the Police Department, their im-
munity is not affected by § 8550. *See Bus-
kirk v. Seiple,* 560 F.Supp. 247, 252 (E.D.
Pa.1983). "42 Pa.C.S.A. § 8550 jettisons
only those immunities held by municipal
*employees* and then only for forms of will-
ful misconduct. This section does not,
however, abrogate the general retention of
*municipal* immunity." (Emphasis in origi-
nal). Thus, all pendent state claims
against the defendants are precluded by
the PSTCA except for the charge of false
imprisonment against Denbrook and Doe.

*Punitive Damages*

■ Municipal defendants cannot be lia-
ble for punitive damages under § 1983.
*City of Newport v. Fact Concerts, Inc.,*
453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616
(1981); *Buskirk v. Seiple,* 560 F.Supp. 247,
251 (E.D.Pa.1983). However, individual de-
fendants can be liable for punitive dam-
ages. Plaintiff will be allowed to seek
punitive damages as to defendants Den-
brook and Doe.