**John SCOTT**

**v.**

**Phillip J. RIEHT, No. 3714, individually and as a police officer, Philadelphia, Pennsylvania; an Unknown Detective, individually and as a police officer of Philadelphia, Pennsylvania; Several Unknown Police Officers, individually and as police officers of Philadelphia, Pennsylvania; and City of Philadelphia.**

**Civ. A. No. 87–8473.**

United States District Court, E.D. Pennsylvania.

June 9, 1988.

Ronald J. Sharper, Philadelphia, Pa., for plaintiff.

Carlton L. Johnson, Chief Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

I have before me DEFENDANTS, CITY OF PHILADELPHIA AND POLICE OFFICER PHILLIP J. RIEHT'S MOTION TO DISMISS (filed February 2, 1988) and PLAINTIFF'S ANSWER thereto (filed February 22, 1988).

Defendants have moved to dismiss this civil rights action which arose out of two incidents, one on the evening of October 8, 1986, and the other on the morning of October 23, 1986. The essential allegations of plaintiff are:

1. At about 9:30 P.M. on October 8, 1986, at his home at 5936 Webster Street, Philadelphia, plaintiff was unlawfully arrested by Officer Rieht and other unnamed police officers.

2. In the process of the arrest and during plaintiff's processing at the police station, derogatory and insulting comments were made by the police concerning plaintiff's race.

3. Following the arrest, criminal charges were lodged against plaintiff by unnamed police officers, and such charges were without probable cause.

4. At about 11:00 A.M. on October 23, 1986, at the Police Station at 55th and Pine Streets, during the preliminary hearing on the charges lodged on October 8, 1986, plaintiff was again unlawfully arrested.

5. In addition, plaintiff alleges a practice of the Philadelphia police to punish insubordinate black people, and that the government of the City of Philadelphia, by taking no effective action to end the practice, has adopted it as a de facto policy.

On the basis of these allegations, which must be assumed to be true for purposes of deciding defendants' motion to dismiss, *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), plaintiff alleges violation of the First, Fourth, Fifth and Four-

teenth Amendments to the United States Constitution, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and The Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988. Plaintiff also requests that the court exercise pendent jurisdiction over his state law claims of assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, negligence and gross negligence.

For the reasons set forth below, the motion will be granted in part and denied in part.

Plaintiff has alleged four categories of claims, against the direct actors, the police officers, and an indirect actor, the City of Philadelphia. For the purpose of the motion, each category requires a distinct legal treatment with regard to each class of actor. The categories are: direct constitutional rights, rights under the Civil Rights Act [1] of 1866, 42 U.S.C. § 1981, rights under the Civil Rights Act [2] of 1871, 42 U.S.C. § 1983, and pendent common law claims under the laws of Pennsylvania. 42 U.S.C. § 1988 does not provide a separate cause of action, and deals with costs, attorney's fees and the underlying basis for civil rights actions.

 The general standard for pleading civil rights claims is a stringent one. The requirement is that the complaint state facts upon which the court can weigh the substantiality of the claim. *Negrich v. Hohn,* 379 F.2d 213 (3d Cir.1967); *Rotolo v. Burrough of Charleroi,* 532 F.2d 920, 922 (3d Cir.1976); and *La Plant v. Frazier,* 564 F.Supp. 1095 (E.D.Pa.1983). Under the standard, plaintiff must state the conduct violating his civil rights, when and where the conduct occurred, and who was responsible. The complaint will be dismissed if it contains only vague and conclusory allegations. *Boykins v. Ambridge Area School District,* 621 F.2d 75, 80 (3d Cir.1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978). This standard operates to eliminate frivolous claims, and to guard the reputations of public servants who are particularly susceptible to these claims. *U.S. v. City of Philadelphia,* 644 F.2d 187, 206 (3d Cir.1980).

 The direct constitutional claims must be dismissed as to both the individual defendants and as to the City because they are unnecessary. Plaintiff's claims against Officer Rieht and the unnamed police defendants are sufficiently vindicated through 42 U.S.C. § 1981 and § 1983. There is, therefore, no need to imply a cause of action directly under the Constitution. *Rogin v. Bensalem,* 616 F.2d 680, 686–87 (3d Cir.1980); *Mahone v. Waddle,* 564 F.2d 1018, 1024 (3d Cir.1977); *DiGiovanni v. City of Philadelphia,* 531 F.Supp. 141, 144 (E.D.Pa.1982); *Jones v. City of Philadelphia,* 481 F.Supp. 1053, 1055–56 (E.D.Pa.1979); *Kedra v. City of Philadelphia,* 454 F.Supp. 652, 679 (E.D.Pa.1978). The direct constitutional claims against the City of Philadelphia fail for the same reasons. We have upheld the claim under 42 U.S.C. § 1981 against the City. Furthermore, if plaintiff is able to file an amended complaint supporting a Section 1983 claim against the City, the direct constitutional claims will be unnecessary, for the reasons given above with regard to the individual defendants.

1. Section 1981 reads as follows:
"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

2. Section 1983 reads as follows:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

Plaintiff's claim under the Civil Rights Act of 1866, 42 U.S.C. § 1981, will stand as against all defendants. Unlike Section 1983, which is founded on the Fourteenth Amendment and vindicates constitutional rights, Section 1981 is based on the Thirteenth as well as the Fourteenth Amendments and vindicates a right against discrimination based on race. *Mahone v. Waddle,* 564 F.2d at 1030. Under the doctrine of *Mahone, supra,* at 1030–36, an allegation of discriminatory intent is sufficient to support a claim against both the direct actors, in this case Officer Rieht and the unnamed police officers, but also against their employer, in this case the City of Philadelphia. Plaintiff has sufficiently alleged discriminatory intent, and sufficient acts supporting that intent, to withstand a motion to dismiss his claim under Section 1981.

Plaintiff's claim under the Civil Rights Act of 1871, 42 U.S.C. § 1983, will stand as against Officer Rieht and the unnamed police defendants, but as alleged in the extant complaint, must be dismissed against the City of Philadelphia. He has sufficiently alleged specific acts, the improper arrests, at specific times and places, against one named person and others who might be identified through records or other evidence showing their presence at those specific places at those times. The allegations are not sufficient against the City, because the standard for a Section 1983 claim against a municipality is more demanding.

A Section 1983 complaint against a municipality must allege, (1) the existence of a custom or policy of the municipality which is of such long standing as to have force of law, and (2) that one or more than one of the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy. *See Monell v. Department of Social Services,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–37, 56 L.Ed.2d 611 (1978); *DiGiovanni v. City of Philadelphia,* 531 F.Supp. 141, 145 (E.D.Pa.1982). Additionally, the complaint must articulate a factual basis sufficient to support the requisite allegations. *See La Plant v. Frazier,* 564 F.Supp. 1095, 1098 (E.D.Pa.1983), cited in *Sambrick v. Borough of Norristown,* 639 F.Supp. 1351 (E.D.Pa.1986). Plaintiff must show an "affirmative link" between the occurrence of police misconduct and the city's policy or custom. *Rizzo v. Goode,* 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976). Plaintiff is required to plead these elements with particularity. *Rotolo v. Burrough of Charleroi,* 532 F.2d 920, 922 (3d Cir.1976). Furthermore, the policy underlying the special pleading requirement in Section 1983 claims is even more pronounced when a local government is charged with a violation under the statute. There is a public interest in protecting local government's files from overbroad and irrelevant inquiries. *U.S. v. City of Philadelphia,* 644 F.2d 187, 206 (3d Cir.1980).

Plaintiff asserts, in a broad and conclusory fashion, that the City of Philadelphia does not train police officers to engage in lawful conduct, and that it customarily refuses to punish officers who do engage in unlawful conduct. Plaintiff then asserts that these practices cause police officers to engage in the type of conduct giving rise to this claim. Although these allegations address the elements for a Section 1983 claim against the City, they do not contain sufficient specifics for which I can weigh the substantiality of the claim. For instance, there is no allegation that Officer Rieht or the unnamed police defendants previously engaged in misconduct but were not disciplined because of the alleged policy of the City. In short, the complaint provides no factual basis to support a finding of an "affirmative link" between any custom or policy of the City of Philadelphia and the alleged misconduct of Officer Rieht and the unnamed police defendants. Therefore, while the Section 1983 claim will stand against the individual defendants, it will be dismissed against the City. I will allow plaintiff leave to amend his complaint, so that he may add factual allegations to support a Section 1983 claim against the City. Such allegations, if made, must be sufficiently specific and comprehensive to meet the tests outlined above and in the cases cited. Since Section 1983 vindicates constitutional rights, the constitutional rights

against the City must also fail, because they fall short for the same reasons as the Section 1983 claim.

Plaintiff has invoked the pendent jurisdiction of this court over his state law claims. He alleges that defendants are liable to him for assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, negligence and gross negligence under the laws of the Commonwealth of Pennsylvania.

"The doctrine of pendent jurisdiction allows a federal court to adjudicate claims not otherwise within its jurisdiction if those claims arose out of the same events which gave rise to the claims within federal jurisdiction. When applying this doctrine, a court first must determine whether it has the power to hear the state law claims before it. Claims outside of the jurisdiction of the district court may be adjudicated along with the federal claims if all of the claims 'derive from a common nucleus of operative fact.' *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Even if this test has been satisfied, however, the statute conferring jurisdiction over the federal claim may restrict the scope of the claims which may be brought under it. *See Aldinger v. Howard*, 427 U.S. 1, 17, 96 S.Ct. 2413, 2421, 49 L.Ed.2d 276 (1976). If there is power to hear the pendent claims, the decision whether or not to exercise jurisdiction over them is within the discretion of the district court. Factors which favor the exercise of pendent jurisdiction include judicial economy, convenience and fairness to litigants. *See United Mine Workers v. Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139. The pendent claims should be dismissed, however, if the exercise of jurisdiction over them would confuse the jury by presenting divergent theories of relief. *Id.*"

*Sambrick v. Borough of Norristown*, 639 F.2d at 1355.

■ Plaintiff has alleged no facts supporting a claim for assault and battery, therefore that claim must be dismissed.

The state claims based on negligence and gross negligence similarly must fail because they are inconsistent and incompatible with civil rights claims and may confuse a jury. *See Jones v. McElroy*, 429 F.Supp. 848, 864–65 (E.D.Pa.1977). *See also Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (negligence cannot support a Section 1983 cause of action).

■ As I have discussed above, plaintiff has asserted a cognizable Section 1981 claim against the City of Philadelphia and cognizable Section 1981 and 1983 claims against Officer Rieht and the unnamed police officers. This court has jurisdiction over those claims under 28 U.S.C. §§ 1331 and 1343. Since plaintiff's state law claims for the intentional torts of false arrest, false imprisonment, intentional infliction of emotional distress and malicious prosecution arose out of the same events as those giving rise to the Section 1981 and 1983 claims, I will exercise pendent jurisdiction over those intentional state law claims with regard to all defendants.

Defendant Rieht raises the issue of personal immunity, saying first that he has qualified immunity for good faith conduct in the scope of his authority. That simply raises the principal issue in this action: Was either or both of the arrests unreasonable? Defendant Rieht then goes on to claim absolute immunity, inexplicably citing *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) and *Dennis v. Sparks*, 449 U.S. 24, 31, 101 S.Ct. 183, 188, 66 L.Ed.2d 185 (1980). Both of those cases explicitly deal with the immunity of judges, and have nothing at all to do with police officers.

■ It does appear that an officer is immune from liability for negligence under the provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq.* However, under Section 8550 of this Act, this immunity does not extend to "wilful misconduct". *Swartz v. Masloff*, 62 Pa.Commonwealth 522, 437 A.2d 472 (1981); *Morrill v. Becton, Dickinson and Co.*, 564 F.Supp. 1099 (E.D.Pa.1983). Ac-

cordingly, there is liability for intentional torts.

In summary, I am dismissing all direct constitutional claims against Officer Rieht and the unnamed police defendants because they are sufficiently vindicated by 42 U.S. C. §§ 1981 and 1983. I am dismissing both direct constitutional claims and Section 1983 claims against the City of Philadelphia for lack of sufficient facts to support the allegation of a pattern or policy. I am dismissing the assault and battery pendent state claims for lack of a sufficient allegation. I am dismissing the pendent state negligence claims because they conflict with the theory of the civil rights claims.

An appropriate order follows.

ORDER

AND NOW, this 9th day of June, 1988, upon consideration of DEFENDANTS, CITY OF PHILADELPHIA AND POLICE OFFICER PHILLIP J. RIEHT'S MOTION TO DISMISS (filed February 2, 1988) and PLAINTIFF'S ANSWER thereto (filed February 22, 1988), it is hereby ORDERED that:

1. All claims under the First, Fourth, Fifth and Fourteenth Amendments are DISMISSED with prejudice.

2. The claim against the City of Philadelphia under 42 U.S.C. § 1983 is DISMISSED without prejudice.

3. Pendent state law claims for assault and battery, negligence and gross negligence are DISMISSED without prejudice.

4. Plaintiff is granted twenty (20) days from the date of this order to file an amended complaint. If an amended complaint is filed, defendants have ten (10) days from the date such amended complaint is filed to file an answer. If no amended complaint is filed, defendants must file an answer within thirty (30) days of the date of this order.