David **COOPER**

v.

CITY OF CHESTER; **Officer Fontaine, individually and as a police officer for the City of Chester; Officer Briscoe, individually and as a police officer for the City of Chester; John Doe and Richard Roe, individually and as police officers of the City of Chester, the identity and number of whom is presently unknown to the plaintiff; Township of Aston; John Doe and Richard Roe, individually and as police officers of the Township of Aston, the identity and number of whom is presently unknown to the plaintiff.**

No. 92–3989.

United States District Court, E.D. Pennsylvania.

Dec. 8, 1992.

---

David M. Seltzer, J. Mark Pecci, II, Semanoff and Hendler, Jenkintown, PA, William F. Holsten, II, Holsten & White, Media, PA, for Cooper.

William F. Holsten, II, Frank X. Bennett, Holsten & White, Media, PA, for City of Chester.

William F. Holsten, II, Andrew J. Bellwoar, Media, PA, for Township of Aston, Delaware County.

Andrew J. Bellwoar, Media, PA, for John Doe, Richard Roe.

## MEMORANDUM

GILES, District Judge.

### I. INTRODUCTION

The complaint alleges facts as follows. Plaintiff was arrested at his place of employment in August 1990 by defendants Fontaine and Briscoe, who are police officers for defendant City of Chester, and by an unnamed police officer from defendant Township of Aston. He was arrested pursuant to a warrant bearing his name. At the time of his arrest he informed the arresting officers that several years earlier he had been wrongfully arrested because his name was the same or similar to the criminal being sought, and told the officers that they were making the same mistake again. He relayed the same information to police officers at the Chester Police Department, where he was taken after his arrest, again to no avail. After plaintiff spent six hours in jail, defendants realized that they had arrested the wrong man, and released him.

As a result of these events, plaintiff filed the above captioned action in this court on July 10, 1992. He seeks relief against the arresting officers and their employers under 42 U.S.C. § 1983 and various state law tort theories. Defendants filed a motion to dismiss on September 28, 1992.[1] For the reasons stated below, we grant the defendants' motion in part and deny it in part.

### II. FICTITIOUSLY NAMED DEFENDANTS

Defendants have moved to dismiss the complaint as to the fictitiously named defendants John Doe and Richard Roe, who are alleged to be police officers of the City

---

**1.** Two separate motions to dismiss were filed by two sets of defendants. One motion was filed by defendants City of Chester, Fontaine, Briscoe, John Doe and Richard Roe. The other was filed by defendants Aston Township, John Doe and Richard Roe. The issues addressed in these separate motions overlap significantly, and in many cases the arguments are identical. They will be referred to in the singular as the "motion to dismiss" in the body of this memorandum.

of Chester and Aston Township, the identity and number of which are presently unknown. There is conflicting authority on the question of whether fictitiously named defendants must be dismissed. *Compare Agresta v. Philadelphia*, 694 F.Supp. 117, 119 n. 1 (E.D.Pa.1988) (where unknown party has been sued under fictitious name, court will dismiss the defendant who has only been fictitiously named) with *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34 (E.D.Pa.1990) (fictitious names may be used until plaintiff has reasonable opportunity to learn their identities through discovery). However, plaintiff does not object to the dismissal of the fictitious defendants. Therefore, the complaint is dismissed as to defendants John Doe and Richard Roe.

## III. FEDERAL CIVIL RIGHTS CLAIMS

Defendants have moved to dismiss all of the complaint's 42 U.S.C. § 1983 federal civil rights claims. We first consider the § 1983 claims against the individual police officer defendants, Briscoe and Fontaine. Then we consider the claims against the municipal defendants, City of Chester and Township of Aston.

### A. *Individual Defendants: Fontaine and Briscoe*

█ In their motion to dismiss plaintiff's federal civil rights claims, defendants rely heavily upon *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). In *Baker*, respondent was mistakenly arrested pursuant to a warrant which bore his name but was actually intended for his brother.[2] He was held in jail for several days despite repeated protests that the arrest was a result of mistaken identity. The United States Supreme Court held that respondent did not have a cause of action under 42 U.S.C. § 1983 because he had not been deprived of any right secured by the Constitution and laws of the United States.

The *Baker* Court acknowledged that respondent had been deprived of liberty when he was falsely detained. However, the Court noted that the Constitution does not prohibit all deprivations of liberty, it only forbids those which are accomplished without due process of law. In this case, the protection provided by the Fourth Amendment's probable cause requirement was all that due process required:

> Absent an attack on the validity of the warrant under which he was arrested, respondent's complaint is simply that despite his protests of mistaken identity, he was detained in ... jail ... until ... the validity of his protests was ascertained. Whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution.

*Baker*, 443 U.S. at 143–44, 99 S.Ct. at 2694.

As the above quoted passage indicates, and as defendants recognize, *Baker* left open the possibility that a person who is falsely imprisoned may state a claim under 42 U.S.C. § 1983 if he attacks the validity of the warrant which led to his arrest. *See, e.g., United States v. Doe*, 703 F.2d 745 (3rd Cir.1983) (warrant describing its subject only as "John Doe a/k/a Ed" is constitutionally deficient, and this deficiency is not cured by the arresting officer's personal knowledge that the arrestee is the person for whom the warrant was intended); *Powe v. Chicago*, 664 F.2d 639 (7th Cir.1981) (allegations in complaint that the warrant lacked adequate specificity to identify the intended arrestee were sufficient to withstand a motion to dismiss under *Baker*). However, plaintiff makes no such allegations in the instant case. The sole mention of the warrant in the complaint is in Paragraph 11, where plaintiff alleges that he "was advised by the police officers that there were two outstanding warrants for his arrest and that he was being arrested and taken into custody."

---

**2.** The cause of the confusion was that the brother had previously been arrested while carrying a drivers license that was in every respect identical to respondent's, except that it bore the brother's picture.

In fact, plaintiff implicitly admits that the warrant under which he was arrested was facially valid as to him when he alleges that "his name was the same or similar to the criminal being sought." Complaint ¶ 12. *See also* Plaintiff's Memorandum of Law Contra Defendants' Motion to Dismiss § III (plaintiff's name is exactly the same as that of person actually sought by the warrant). The warrant was therefore facially valid as to plaintiff, since "[a]n arrest warrant that correctly names the person to be arrested generally satisfies the fourth amendment's particularity requirement, and no other description of the arrestee need be included in the warrant." *Powe*, 664 F.2d at 645.

■ Because plaintiff admits that the warrant under which he was arrested was facially valid, defendants argue that *Baker* commands dismissal for failure to state a claim upon which relief can be granted. However, the instant case is distinguishable from *Baker*. In *Baker*, respondent's sole claim was that his due process rights were violated when he was detained in jail with no effort to determine whether his claim of mistaken identity was true. Not only was he arrested pursuant to a facially valid warrant, but there was "no suggestion that [his] arrest was constitutionally deficient." 443 U.S. at 143, 99 S.Ct. at 2694. Thus, *Baker* stands for the proposition that once a prisoner is validly arrested pursuant to a valid warrant, he does not have a § 1983 cause of action simply because his jailers refuse to check his valid claims of mistaken identity.

Although plaintiff does not question the validity of the warrant which led to his arrest, he does question the constitutionali-

ty of the arrest itself. This distinguishes the instant case from *Baker*, and precludes dismissal of the complaint. For example, plaintiff alleges that "Defendants knew, or upon minimal investigation could have determined that plaintiff was not their man." Complaint ¶ 16. Taking this allegation as true and reading it in the light most favorable to plaintiff, as we must in deciding this motion to dismiss, *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3rd Cir.1989), plaintiff has alleged that defendants deliberately arrested a person who they knew was not the subject of the warrant they were carrying. Such an arrest is without probable cause, and thus violates the fourth amendment. This violation of the fourth amendment, as applied to the states by the fourteenth amendment, provides the requisite predicate constitutional violation for a § 1983 claim against defendants Briscoe and Fontaine.

■ Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Because there is at least one set of facts alleged in the complaint which would, if true, establish a violation of § 1983 by defendants Fontaine and Briscoe, the motion to dismiss the § 1983 claims is denied as to those defendants.[3]

### B. Municipal Defendants

■ The complaint asks the court to find § 1983 liability against the City of Chester and the Township of Aston, the employers of the individual police officer

---

**3.** Defendants Briscoe and Fontaine argue that they are entitled to qualified immunity from the plaintiff's § 1983 claims. Qualified immunity is available only if the defendants can show that "reasonable officials in the defendants' position at the relevant time could have believed, in light of clearly established law, that their conduct comported with established legal standards." *Stoneking v. Bradford Area School District*, 882 F.2d 720, 726 (3rd Cir.1989) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73

L.Ed.2d 396 (1982)). Such a qualified immunity claim cannot withstand plaintiff's allegation that these officers deliberately arrested the wrong man, since it is long established that an arrest without probable cause violates the Fourth Amendment. *See, e.g.,* U.S. Const. amend. IV (warrant requires probable cause); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) (arrest without warrant requires probable cause).

defendants. Such liability will rest against a municipality only if the deprivation of constitutional rights results from a municipal policy, practice, or custom. *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The plaintiff in a § 1983 action must show an "affirmative link" between the occurrence of police misconduct and the municipality's policy or custom. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *accord Stoneking,* 882 F.2d at 731; *Agresta,* 694 F.Supp. at 122; *La Plant v. Frazier,* 564 F.Supp. 1095, 1098 (E.D.Pa.1983). If the alleged policy, practice or custom is a failure by the municipality to adequately train its police officers, plaintiff must show that the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. *Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

◼ The only employees of defendant Township of Aston who are alleged to have violated plaintiff's constitutional rights are the fictitiously named police officers John Doe and Richard Roe. Because the complaint has been dismissed as to these fictitiously named defendants, it must also be dismissed as to defendant Township of Aston. A municipality cannot be held liable under § 1983 for violating an individual's civil rights as a result of a municipal policy or practice unless one of the municipality's employees "is primarily liable under section 1983 itself." *Williams v. West Chester,* 891 F.2d 458, 467 (3rd Cir.1989); *accord, Simmons v. Philadelphia,* 947 F.2d 1042, 1055–56 (3rd Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1671, 118 L.Ed.2d 391 (1992). Thus, the only claims for municipal liability under § 1983 which may possibly be viable are those against the City of Chester.

◼ The complaint alleges that defendant City of Chester "as a matter of policy and practice, ha[s], with deliberate indifference failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the unlawful conduct [of falsely arresting and detaining plaintiff]." Complaint ¶ 22.[4] This language seems to state the factors needed to find municipal liability under *Monell* and *Canton.* However a § 1983 complaint must do more than recite the necessary elements of policy, practice or custom, causation, and deliberate indifference. In the third circuit, such complaints must be pled with specificity. *See, e.g., Hall v. Pennsylvania State Police,* 570 F.2d 86 (3rd Cir.1978); *Rotolo v. Charleroi,* 532 F.2d 920 (3rd Cir.1976).

Under this heightened specificity requirement for § 1983 pleadings, "[m]ere conclusory allegations ... that the defendants deliberately elected not to train are not enough to support a constitutional claim." *Freedman v. Allentown,* 853 F.2d 1111, 1117 (3rd Cir.1988) (citing *Colburn v. Upper Darby Township,* 838 F.2d 663, 672–73 (3rd Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989); *Chinchello v. Fenton,* 805 F.2d 126, 133 (3rd Cir.1986)). The complaint must contain "a modicum of factual specificity." *Colburn,* 838 F.2d at 666, and must make specific allegations of unconstitutional conduct rather than vague and conclusory allegations. *Bartholomew v. Fischl,* 782 F.2d 1148, 1152 (3rd Cir.1986); *Rotolo,* 532 F.2d at 922.

District courts within the third circuit have repeatedly confronted language similar to that quoted from the complaint in the above paragraph, and have almost uniformly concluded that it is conclusory and insufficiently specific to support a § 1983 claim for municipal liability. *See, e.g., Agresta,* 694 F.Supp. at 122–123 & n. 5; *Scott v. Rieht,* 690 F.Supp. 368, 371 (E.D Pa.1988); *La Plant,* 564 F.Supp. at 1096–97; *Lynch v. Taylor,* 1989 WL 89024 at *2 (E.D.Pa. 1989); *Washington v. Philadelphia,* 1988 WL 124917 at *4 (E.D.Pa.1988); *Galantino*

---

**4.** *See also* Complaint ¶ 23 (municipal defendants "have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for viola- tions of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct.").

*v. Formica,* 1988 WL 124915 at *3 (E.D.Pa. 1988); *but see, Buzzerd v. East Pikeland Township,* 1990 WL 90109 at *5 (E.D.Pa. 1990).

■ The fact that many other courts have found such language to be too conclusory to support a § 1983 claim is instructive, but it does not end our inquiry. The ability of a civil rights complaint to meet the third circuit's enhanced pleading requirement must be determined on a case-by-case basis. *Freedman,* 853 F.2d at 1114; *Frazier v. Southeastern Pennsylvania Transp. Authority,* 785 F.2d 65, 68 (3rd Cir.1986). The court must examine all of the allegations in the complaint and determine whether the conduct alleged, read in the light most favorable to the plaintiff, is "reasonably susceptible to falling within the conclusions alleged." *Freedman,* 853 F.2d at 1115.

The basis of plaintiff's claim against the individual police officers is the allegation that he was arrested without probable cause on August 16, 1990. "A policy cannot ordinarily be inferred from a single instance of illegality such as a first arrest without probable cause." *Losch v. Parkesburg,* 736 F.2d 903, 911 (3rd Cir.1984) (citing *Walters v. City of Ocean Springs,* 626 F.2d 1317, 1323 (5th Cir.1980); *Turpin v. Mailet,* 619 F.2d 196, 202 (2d Cir.1980), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1982)). Therefore, this allegation, standing alone, does not supply the "modicum of factual specificity" needed to support plaintiff's claim that the deprivation of his rights resulted from a municipal policy, practice or custom. Plaintiff argues however, that a municipal policy, practice or custom can be inferred from this event taken in conjunction with his further allegation that "several years earlier he had been wrongfully arrested because his name was the same or similar to the criminal being sought." Complaint ¶ 12.

Even if we assume that a policy, practice or custom can in principle be inferred from two illegal[5] arrests separated by "several years," the complaint is not pled specifically enough to survive a motion to dismiss. The complaint does not specify who made the previous illegal arrest of plaintiff. This omission alone is fatal to the complaint's specificity. If the previous arrest was not made by employees of the City of Chester, it provides no support for the conclusion that the more recent arrest arose from Chester's policy, practice or custom. Even if we were to assume that the previous arrest was by an employee of the City of Chester, the complaint does not allege that the previous illegal behavior was brought to the attention of supervisory personnel at the time it occurred. There is no indication if anyone was disciplined for the previous arrest. There is no assertion that the previous illegality was of the same type that allegedly led to the more recent arrest. In short, the complaint lacks the "modicum of factual specificity," *Colburn,* 838 F.2d at 666, that would allow the court to judge whether or not the facts alleged could reasonably support the conclusory claim that plaintiff's treatment resulted from a policy, practice or custom of the City of Chester. Therefore, the § 1983 claims against City of Chester must be dismissed.

■ The requirement that federal civil rights complaints be pled with specificity is intended to "weed out at an early stage frivolous claims and those that should be heard in state court" and to provide the defendants with adequate notice of the claims asserted to enable them to respond. *Frazier,* 785 F.2d at 67. The policy behind this heightened specificity requirement is considered to be especially pronounced when the defendant is a local government, since there is a public interest in protecting local governments from frivolous and unsubstantiated suits. *United States v. Philadelphia,* 644 F.2d 187, 206 (3rd Cir.1980).

---

**5.** The complaint refers to the earlier arrest as "wrongful." It is not completely clear if plaintiff is alleging that his previous "wrongful" arrest was illegal or simply a mistake. However, we must read the complaint in the light most favorable to plaintiff, so we assume that it was illegal.

The third circuit has recognized that the heightened "specificity rule in civil rights cases may on the surface appear to be in tension with the liberal notice pleading approach of the Federal Rules of Civil Procedure." *Freedman,* 853 F.2d at 1114. However,

> Closer examination shows that it represents a balance between the rights of local government officials not to be subjected to the burden of trial on claims that are legally insufficient, ... and the rights of plaintiffs who have been injured as a result of actions or practices which the civil rights laws are designed to redress.

*Id.* To protect the rights of plaintiffs, the third circuit has "required the district courts to permit amendments in circumstances where more specific factual allegations may reveal that the conduct in question falls within the ambit of section 1983." *Id.* Accordingly, our dismissal of the § 1983 claims against City of Chester is without prejudice, and plaintiff is given thirty days leave in which to file an amendment to his complaint which pleads the claim against City of Chester with the requisite specificity.

## IV. STATE TORT CLAIMS

■ The complaint's "second cause of action" alleges that the defendants' acts "constitute false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, invasion of privacy, negligence, gross negligence, and negligent hiring, retention and supervision under the laws of the Commonwealth of Pennsylvania." Complaint ¶ 27.

Because we are dismissing all federal claims against the municipal defendants City of Chester and Township of Aston, we decline to hear the pendent state claims against those defendants. *See Lovell Mfg., Div. of Patterson–Erie Corp. v. Export–Import Bank of United States,* 843 F.2d 725, 735 (3rd Cir.1988) (when all federal claims are dismissed prior to trial, a district court is powerless to hear remaining state law claims absent "extraordinary circumstances"). The state law claims against City of Chester and Township of Aston are therefore dismissed without prejudice.

■ Defendants Briscoe and Fontaine argue that they are immune from plaintiff's pendent state tort claims by virtue of the Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S. § 8541 *et seq.,* which grants broad immunity from tort suits to local agencies and their employees.[6] We agree with defendants that they are immune from suit as to all alleged negligent acts. However, they do not have immunity for their intentional torts.

PSTCA grants broad immunity from tort suit to local agencies and their employees. The general rule of the Act is that local agencies and their employees are immune from suit. 42 Pa.C.S. §§ 8541 & 8545. The only exceptions to this general grant of immunity are those which are specified in the Act. *Id.* These exceptions to the general rule of immunity are given in 42 Pa.C.S. §§ 8542 & 8550. Thus, defendants are immune from the pendent state claims in the instant case unless those claims fall into one of the categories enumerated in § 8542 or § 8550.

■ Section 8542 of PSTCA permits recovery against a local agency or its employee for negligent acts if the act falls into one of the following eight categories: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody or control of animals. 42 Pa.C.S. § 8542(b). Because no alleged negligent act of any defendant falls into one of these eight categories, plaintiff's claims which are based in negligence must be dismissed as barred by PSTCA. Therefore, the claims of negligence, gross negligence, and negligent hiring, retention and supervision are dis-

---

**6.** The governmental immunity granted by PSTCA applies only to state tort claims. It has no effect upon plaintiff's federal civil rights claims. *Wade v. Pittsburgh,* 765 F.2d 405 (3rd Cir.1985).

missed.[7] *See, e.g., Agresta,* 694 F.Supp. at 123; *Buskirk v. Seiple* 560 F.Supp. 247, 251–52 (E.D.Pa.1983).

 While PSTCA grants immunity from negligent acts except in the eight categories delineated above, the same broad immunity is not granted for intentional torts. Section 8550 of the Act provides:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa.C.S. § 8550.

The second cause of action's claims of false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, and invasion of privacy are intentional torts amounting to "actual malice" or "willful misconduct," and therefore fall within the ambit of § 8550. *See, e.g., Agresta,* 694 F.Supp. at 123–24; *Buskirk,* 560 F.Supp. at 251–52. Because defendants Briscoe and Fontaine are stripped of immunity from intentional tort claims by § 8550, the mo-

tion to dismiss these claims against them is denied.[8]

## V. SUMMARY

The parties have agreed to dismiss the fictitiously named defendants, John Doe and Richard Roe, from the complaint.

The motion to dismiss the federal civil rights claims against Officers Briscoe and Fontaine is denied. Because Officers Fontaine and Briscoe are immune from suit for all the alleged pendent state torts which sound in negligence, the motion to dismiss these claims is granted. However, Briscoe and Fontaine are not immune from suit for intentional torts, so the motion to dismiss is denied as to those claims.

Because no employee of the Township of Aston is potentially liable for violations of 42 U.S.C. § 1983, the Township itself cannot be held liable under *Monell,* and federal civil rights claims must be dismissed as to Township of Aston. Accordingly, the pendent state claims against Township of Aston are dismissed without prejudice.

The 42 U.S.C. § 1983 claims against City of Chester are dismissed without prejudice because they are vague and conclusory. Because the only federal claims against Chester are dismissed, the pendent state claims are dismissed without prejudice. Plaintiff is given thirty days leave in which to file an amended complaint which pleads

---

**7.** In addition, we note that the claims of negligent hiring, retention and supervision must be dismissed as to defendants Briscoe and Fontaine for reasons in addition to and independent of PSTCA. There is nothing in the complaint to indicate that either Briscoe or Fontaine hired, retained or supervised other individual tortfeasors.

**8.** We have dismissed without prejudice the pendent state tort claims against City of Chester and Township of Aston. Therefore, we do not rule on the merits of these claims. We note, however, that the courts have uniformly held that § 8550 distinguishes sharply between local agencies and the employees of those agencies. Section 8550 denies immunity to employees of local agencies for their intentional torts, but it does not strip immunity from the municipality itself. *Marko v. Philadelphia,* 133 Pa.Commw. 574, 576 A.2d 1193, 1193 (1990), *app. granted,*

527 Pa. 626, 592 A.2d 46 (1991); *King v. Breach,* 115 Pa.Commw. 355, 540 A.2d 976, 979 (1988); *Deluca v. Whitemarsh Township,* 106 Pa.Commw. 325, 526 A.2d 456, 457 (1987); *Miller v. Emelson,* 103 Pa.Commw. 437, 520 A.2d 913, 915 (1987); *Steiner v. Pittsburgh,* 97 Pa.Commw. 440, 509 A.2d 1368, 1369–70 (1986); *Agresta,* 694 F.Supp. at 123–24; *Dudosh v. Allentown,* 629 F.Supp. 849, 856 (E.D.Pa.1985); *Kuchka v. Kile,* 634 F.Supp. 502, 513 (M.D.Pa.1985); *Paul v. John Wanamakers, Inc.,* 593 F.Supp. 219, 222–23 (E.D.Pa.1984); *Buskirk,* 560 F.Supp. at 251–52; *Lopuszanski v. Fabey,* 560 F.Supp. 3, 6 (E.D.Pa. 1982); *Brancato v. Philadelphia,* Slip Opinion at p. 3–4, Civil Action No. 92–2947, 1992 WL 358065 (E.D.Pa. November 24, 1992); Lajeunesse, *The Political Subdivision Tort Claims Act: Pennsylvania's Response to the Problems of Municipal Tort Liability,* 84 Dick.L.Rev. 717 (1980). Thus, the municipal defendants are immune from suit for all of the pendent state tort claims.

the federal claims against Chester with the requisite specificity.

An appropriate order follows.

### ORDER

AND NOW, this 9th day of December, 1992, upon consideration of defendants' motions to dismiss and plaintiff's responses thereto, it is hereby ORDERED:

1. The complaint is dismissed as to the fictitiously named defendants John Doe and Richard Roe.

2. The motion to dismiss the 42 U.S.C. § 1983 claims against defendants Briscoe and Fontaine is DENIED.

3. The motion to dismiss the claims of false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, outrageous conduct, and invasion of privacy against defendants Briscoe and Fontaine is DENIED.

4. The claims for negligence, gross negligence, and negligent hiring, retention and supervision are dismissed as to defendants Briscoe and Fontaine.

5. The complaint is dismissed as to defendant Township of Aston.

6. The complaint is dismissed without prejudice as to defendant City of Chester.

7. Plaintiff shall have thirty days leave in which to file an amended complaint. Any amendment filed shall be limited to pleading with more specificity the 42 U.S.C. § 1983 claims against defendant City of Chester.