

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2006

# Lynn v. Christner

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4838

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lynn v. Christner" (2006). *2006 Decisions*. Paper 922.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/922

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4838

_____

CHARLES M. LYNN,
Appellant

v.

LT. JOHN E. CHRISTNER, Individually and as
police officer for the Township of Rostraver;
GEORGE T. MILKENT, Individually and as a
police officer for the Township of Rostraver

_____

Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civil No. 03-cv-00846)
District Judge:  Honorable William L. Standish

_____

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2006

Before:  RENDELL and AMBRO and ROTH*, <u>Circuit Judges</u>.

(Filed: June 9, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Charles M. Lynn appeals <u>pro</u> <u>se</u> from the order of the United States District Court

for the Western District of Pennsylvania dismissing his civil rights action brought

_____

*Judge Roth assumed senior status on May 31, 2006.

pursuant to 42 U.S.C. § 1983.

The parties are familiar with the facts of the case, which are fully set forth in the Magistrate Judge's Report, and therefore, we will not recount them here. In 2003, Lynn filed a civil rights complaint, which was later amended, alleging that defendants Christner and Milkent arrested him without probable cause in June 2002, for a robbery that had occurred at a Texaco Crossroads 24-Hour Foodmart about two months earlier. He contended that the defendants knew when they arrested him that he was not guilty of the robbery because his facial characteristics, especially a scar on his forehead and temple, did not match the face of the suspect in security camera photos taken at the time of the robbery. Unable to post bail, Lynn was incarcerated until he was acquitted of the robbery and related charges on May 7, 2003. Lynn claimed false arrest, false imprisonment, and malicious prosecution, in violation of the Fourth Amendment under § 1983, conspiracies to fraudulently alter the security camera photos by digital image manipulation and to obtain a false conviction. He sought damages.

Before discovery had begun, Christner and Milkent moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively for summary judgment; Lynn filed a response.[1] The Magistrate Judge recommended granting the defendants' motion as to all claims. As to Lynn's Fourth Amendment false arrest claim, the Magistrate Judge found that probable cause existed to arrest Lynn for robbery based on the positive

_____

[1] Because Lynn responded in opposition to summary judgment, we will review the District Court decision as a grant of summary judgment.

2

identification of Lynn by the victim, Barbara Cox. The Magistrate Judge rejected Lynn's contention that there was no probable cause for arrest because the defendants knew that Lynn had facial scarring and that the robber depicted in a security camera photograph did not, finding that the security camera photo was not necessary to establish probable cause in light of the victim's independent identification.

As for the malicious prosecution claim, the Magistrate Judge determined that the Amended Complaint contained no allegation(s) upon which the court could draw a reasonable inference that the defendants initiated the criminal prosecution. Moreover, the Magistrate Judge found that there was no allegation or record evidence demonstrating that the District Attorney was unable to exercise independent judgment in deciding whether to prosecute Lynn or not. The Magistrate Judge also concluded that, absent any allegations the defendants deliberately or recklessly intended to falsely imprison Lynn, the defendants' alleged failure to properly investigate the crime prior to his arrest failed to state a constitutional claim under § 1983.[2] Finally, the Magistrate Judge found that the § 1983 conspiracy claims failed as a matter of law because the Amended Complaint was devoid of any allegation(s) indicating an agreement by the defendants to deprive Lynn of his constitutional rights. On September 28, 2005, the District Court overruled Lynn's objections, adopted the Magistrate Judge's Report, and granted the defendants' motion to

_____

[2] In his Objections to the Magistrate Judge's Report, Lynn adamantly asserts that he did not raise a negligent investigation claim. Rather, he alleges that the defendants conspired to deny him a fair trial by deliberately altering security camera photos. Accordingly, we will address the allegation as part of his § 1983 conspiracy claim.

dismiss or for summary judgment.

Lynn filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo an order granting summary judgment. Saldana v. K Mart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). The "nonmoving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Telephone Co. of Pennsylvania, 24 F.3d 508, 511 (3d Cir. 1994). Rather, the nonmoving party "must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file." Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992). For the reasons that follow, we will affirm in part and vacate in part the District Court's judgment.

We will affirm summary judgment as to Lynn's false arrest, false imprisonment, and malicious prosecution claims. Lynn alleged that the defendants arrested him, detained him, and instituted criminal charges against him without probable cause after they were on notice that he had been misidentified. Lynn was arrested and arraigned for robbery and related offenses on June 23, 2002. At the preliminary hearing, a state district justice found that the prosecution had established a prima facie case through the testimony of one of the victims, Barbara Cox, and bound the charges over for trial in the Westmoreland County Court of Common Pleas. Lynn was incarcerated for almost a year

4

before he was acquitted of all charges in May 2003.

Lynn argues that both defendants knew at the time of his arrest that Cox's identification of him as the robber was mistaken because the robber in the security camera photos had no discernible scar, and thus, the defendants, in the face of this alleged undeniably exonerative evidence, lacked probable cause to arrest him. Lynn relies on Cooper v. City of Chester, 810 F.Supp. 618 (E.D. Pa. 1992), in support of his claim. Unlike the plaintiff in Cooper v. City of Chester, however, Lynn does not challenge the validity of the arrest warrant.[3] He admits that Cox's identification, alone, may support probable cause, but he argues broadly that it "did not authorize probable cause" to arrest him, detain him, or to initiate criminal prosecution against him.

Probable cause to arrest "exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002). Necessarily, the analysis is based on the objective facts available to the officers at the time of the arrest.

---

[3] Viewing Lynn's allegations liberally, the Magistrate Judge treated Lynn's allegations as claiming that the defendants deliberately omitted from the affidavit for probable cause exculpatory information that the security camera photo failed to show a detectable scar on the robber's face. To the extent that the allegations amount to such a claim, we agree with the Magistrate Judge's conclusion that, weighed against the strong inculpatory evidence of the victim's positive identification of Lynn as the robber based on her own in-person observation of the sound of his voice and his build and hair color, the omission was not material to the probable cause determination under Franks v. Delaware, 438 U.S. 154 (1978).

5

"The proper inquiry in a 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Although the issue of probable cause is usually a factual one, a district court may conclude "that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding," and may enter summary judgment. Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003). That is the case here, as the District Court correctly held.

In the Affidavit of Probable Cause the victims described the robber as having "a strange walk and a distinguishing voice," and as "wearing a blue coat and dark mask covering everything but his eyes and a small amount of the front of his hair." The presence or absence of a scar on the actor's forehead was not a characteristic noted by Cox or her fellow employee. On June 23, 2002, Cox identified Lynn as the robber "without doubt," based on her independent in-person observation that Lynn was the same build and height, and had the same hair and eyes and the same distinctive voice, as the robber. Cox had an opportunity to observe Lynn in person, scar and all, when he walked into the Foodmart store and talked to her on June 23, 2002. Based on her own observations that day, she called the police to the scene to arrest Lynn. Notably, she did not identify Lynn from any security camera photo. Thus, even if we assume that the defendants knew Lynn had a facial scar on his forehead and that the security camera

6

photo shown to Lynn on June 23, 2002, did not reveal a detectable scar on the robber's forehead, they had no reason to question Cox's independent eyewitness identification of Lynn based on other physical characteristics. The defendants were not required to undertake an exhaustive investigation in order to validate the probable cause that already existed in the officers' minds. Viewing the facts most favorably to Lynn, Cox's credible identification of him as the person who robbed her was sufficient to establish probable cause to arrest him. Additionally, because the defendants had probable cause to arrest Lynn, his false imprisonment and malicious prosecution claims must fail as a matter of law. See Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (false imprisonment); See also e.g., Estate of Smith, 318 F.3d at 521 (holding that a malicious prosecution plaintiff must show, inter alia, that the criminal proceeding was initiated without probable cause).

Turning to the § 1983 conspiracy claims, Lynn's Amended Complaint includes two sets of allegations for each defendant, all of which arise out of the defendants' alleged actions to alter the image of the robber in certain security camera photos and, in concert with a Foodmart employee, to conceal from Lynn the existence of the original photos. See Amended Compl. at 26-30. The District Court dismissed Lynn's § 1983 conspiracy claims because he failed to allege any facts showing an agreement or plan by any of the defendants to achieve a conspiracy. Although Lynn's unduly rambling and repetitive Amended Complaint is not a model of clarity, we are constrained to conclude that the allegations state a § 1983 conspiracy claim sufficient to survive a Rule 12(b)(6)

7

motion to dismiss and that summary judgment is premature.

Under the notice-pleading standard, a complaint must include more than "conclusory allegations of concerted action." Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998). It must also contain at least some facts which could, if proven, permit a reasonable inference of a conspiracy to be drawn. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). This requirement is established where the complaint sets forth a valid legal theory and it adequately states the conduct, time, place, and persons responsible. Evancho, 423 F.3d at 353.

In Evancho, Plaintiff complained that the Pennsylvania Attorney General conspired with "underlings" to carry out an employment transfer. The complaint named the Attorney General only once and provided no indication of when, where, or with whom the alleged unconstitutional conduct occurred. Id. at 350. In contrast, Lynn's Amended Complaint sufficiently presents the time, place, and with whom the alleged conspiracy took place. Specifically, Lynn claims that a week or so after his arrest and arraignment on June 23, 2002, the defendants manipulated the image on security camera photos in order to further obscure the robber's facial characteristics, especially his forehead. See Amend. Compl. at 30, ll 17-39. He also alleged that the Defendants, along with a Foodmart employee, concealed the existence of the original unaltered photos from discovery by Lynn and his counsel. Id. at 29, LL 19-25. Construing his pro se pleadings liberally, Dluhos v Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), we conclude that a

reasonable juror could infer some sort of mutual understanding or plan to deny Lynn a fair trial.

Although the Amended Complaint does not include an extensive discussion of the claim, the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Summary judgment is not appropriate at this time with respect to the conspiracy claims because Lynn has not had the opportunity to conduct any discovery on the existence of an agreement or on the whereabouts of the alleged original security camera photo. If Lynn is unable to provide additional facts supporting his allegations in response to a motion for summary judgment after discovery has closed, the District Court then may fairly dispose of this claim.

For the foregoing reasons, we will vacate the District Court's dismissal of the complaint with respect to the § 1983 conspiracy claims and remand the matter for further proceedings. We will affirm the order with respect to the remaining claims in Lynn's Amended Complaint.