**William LA PLANT**

v.

**John FRAZIER, James Stroud, Morton B. Solomon and the City of Philadelphia.**

Civ. A. No. 83–96.

United States District Court,
E.D. Pennsylvania.

April 20, 1983.

Edward Shensky, Doylestown, Pa., for plaintiff.

Carol Mickey, Philadelphia, Pa., for defendants.

## MEMORANDUM

NEWCOMER, District Judge.

Defendants move to dismiss this civil rights action, which arose out of an incident on the evening of August 13, 1982. Plaintiff alleges that he was unlawfully struck on the head by defendant Frazier, and then was refused transportation to a medical facility by both defendants Frazier and Stroud. Frazier and Stroud were on duty as police officers for the City of Philadelphia at the time of the incident. Plaintiff has also sued Morton Solomon, the Police Commissioner of Philadelphia at the time of the incident, and the City of Philadelphia.

In his complaint, plaintiff alleges that on the evening of August 13, 1982, at approximately 7:30 p.m., he heard a loud commotion outside his home, he opened his front door and saw a crowd of young persons on his front lawn. He further states that the crowd was unruly and that several police officers were attempting to control the situation. As plaintiff walked out onto his lawn, Officer Frazier approached him and suddenly struck him on the head with a nightstick. Following the alleged attack, Officers Frazier and Stroud were asked to transport plaintiff to a hospital for treatment, but they refused.

With respect to the City of Philadelphia, plaintiff alleges that policies sanctioned by the City allow police officers to act as de-

fendants Frazier and Stroud are alleged to have acted. The City is alleged to have a policy of refusing to train police officers properly on the constitutional limits of their authority, and of refusing to discipline police officers who violate those limits. The complaint implicitly relates defendant Solomon to these policies in his capacity as Police Commissioner.

On the basis of these allegations, which must be assumed to be true for purposes of deciding defendant's motion to dismiss, plaintiff contends that defendants are liable for excessive use of force and denial of necessary medical treatment under 42 U.S.C. § 1983 and the 14th Amendment.[1] Plaintiff also requests that the court exercise pendent jurisdiction over his state law claims of assault and battery, intentional infliction of emotional distress, malicious prosecution, negligence, and gross negligence. The defendants attack the sufficiency of the complaint on a number of grounds.

For the reasons set forth below, the motion to dismiss the claims against Officer Frazier will be denied, and the claims against the remaining defendants will be dismissed, with leave to file an amended complaint consistent with this Memorandum.

■ Defendants' motion to dismiss correctly notes the stringent pleading standard for complaints arising under Federal Civil Rights statutes. The requirement is that the complaint state facts upon which the court can weigh the substantiality of the claim. *Rotolo v. Burough of Charleroi,* 532 F.2d 920, 922 (3rd Cir.1976). Under the standard, plaintiff must state the conduct violating his civil rights, when and where that conduct occurred, and who was responsible. The complaint will be dismissed if it contains only vague and conclusory allegations. *Boykins v. Ambridge Area School District,* 621 F.2d 75, 80 (3rd Cir.1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3rd Cir.1978). This standard operates to

eliminate frivolous claims, and to guard the reputations of public servants who are particularly susceptible to these claims. *U.S. v. City of Philadelphia,* 644 F.2d 187, 206 (3rd Cir.1980).

Section 1983 requires that plaintiff allege that defendant (1) acted under color of state law, and (2) violated plaintiff's constitutional rights. *Cardio-Medical Association v. Crozer-Chester Medical Center,* 536 F.Supp. 1065, 1086 (E.D.Pa.1982).

■ As to Officer Stroud, the complaint properly alleges that Stroud acted under color of state law. However, the factual allegations of the complaint do not reveal any violation by Officer Stroud of plaintiff's constitutional rights. First, the alleged refusal to provide necessary medical treatment does not amount to a constitutional violation under these circumstances. While denial of medical treatment to one who is incarcerated may at times amount to cruel and unusual punishment in violation of the 8th Amendment, a person who is not in state custody simply has no constitutional right to be driven to a hospital by a police officer on request. Second, the allegation that Officer Stroud failed to restrain Officer Frazier from attacking plaintiff does not meet the *Rotolo* test of specificity. The complaint alleges that Officer Stroud was present during the incident, but it does not provide any basis to conclude that he could have restrained Officer Frazier. In fact, the complaint suggests that no one present could have prevented the single blow by Officer Frazier due to the suddenness of the attack. For these reasons, the § 1983 claim against Officer Stroud will be dismissed.

■ Plaintiff has also asserted causes of action based directly on the first, fourth, fifth, and fourteenth Amendments. All of these claims are cognizable only through the 14th Amendment. However, because the § 1983 claims are sufficient to vindicate plaintiff's constitutional rights, there is no need to imply a cause of action directly

---

1. Plaintiff originally claimed jurisdiction under 42 U.S.C. § 1981 as well, but this claim was voluntarily dropped.

under the constitution. *Rogin v. Bensalem,* 616 F.2d 680, 686–687 (3rd Cir.1980); *DiGiovanni v. City of Philadelphia,* 531 F.Supp. 141, 144 (E.D.Pa.1982). These claims will therefore be dismissed.

■ Plaintiff's § 1983 claims against the City of Philadelphia and Police Commissioner Solomon must also be dismissed. In order to hold a municipality liable under § 1983, a plaintiff must demonstrate that a deprivation of his constitutional rights was caused by a formal policy or informal custom. *Monell v. Department of Social Services,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2036–2037, 56 L.Ed.2d 611 (1978). Liability may not be imposed upon a *respondeat superior* theory. Plaintiff must show an "affirmative link" between the occurrence of police misconduct and the City's policy or custom. *Rizzo v. Goode,* 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976). Plaintiff is required to plead these elements with particularity. *Rotolo, supra.* Furthermore, the policy underlying the special pleading requirement in § 1983 claims is even more pronounced when a local government is charged with a violation under the statute. There is a public interest in protecting local government's files from overbroad and irrelevant inquiries. *U.S. v. City of Philadelphia,* 644 F.2d 187, 206 (3rd Cir. 1980).

■ Plaintiff asserts, in a broad and conclusory fashion, that the City of Philadelphia does not train police officers to engage in lawful conduct, and that it customarily refuses to punish officers who do engage in unlawful conduct. Plaintiff then asserts that these practices cause police officers to engage in the type of conduct giving rise to this claim. Although these allegations address the elements for a § 1983 claim against the City, they do not contain sufficient specifics upon which I can weigh the substantiality of the claim. For instance, there is no allegation that Officers Frazier or Stroud previously engaged in misconduct but were not disciplined because of the alleged policy of the City. In short, the complaint provides no factual basis to support a finding of an "affirmative link" between

any custom or policy of the City of Philadelphia and the alleged misconduct of Officers Frazier and Stroud.

■ Plaintiff's claim against Police Commissioner Solomon rests on even more tenuous grounds than the claim against the City. The complaint alleges no facts directly relating defendant Solomon to the activity of defendants Frazier and Stroud. Plaintiff relies on *Santiago v. City of Philadelphia,* 435 F.Supp. 136 (E.D.Pa.1977), for the proposition that "constructive knowledge" is a sufficient basis for liability. However, Judge Lord stated in that opinion that when liability is sought to be imposed on higher officials, more than general knowledge of misconduct must be shown. *Id.* at 152. The complaint does not allege that defendant Solomon had specific knowledge of police misconduct of the type charged to Officers Frazier and Stroud, nor does it allege facts to show that Solomon approved or acquiesced in the deprivation of plaintiff's constitutional rights. Clearly, the allegations of the complaint do not support a finding of anything more than vicarious liability on the part of defendant Solomon, and the claim against him is therefore not cognizable under § 1983.

■ Because all federal claims against defendants Stroud, Solomon, and the City of Philadelphia are dismissed, the pendent state law claims against these defendants must also be dismissed. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Defendants argue that the pendent state law claims against Officer Frazier should also be dismissed, even though the complaint properly states a § 1983 claim against him, because Frazier is immune from liability for the state law claims under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq.* However, close analysis of this Act reveals that defendant Frazier may be liable in so far as his actions may be found to constitute "willful misconduct" as alleged in the complaint. 42 Pa.C.S.A. § 8550. *See also Schwartz v. Masloff,* 62 Pa.Cmwlth. 522, 437 A.2d 472 (Pa.Cmwlth.1981). Because the Act only appears to contemplate liabili-

ty for intentional torts, pendent jurisdiction will necessarily be limited to the claims of assault and battery, intentional infliction of emotional distress, and malicious prosecution.[2] In the interest of judicial economy and convenience, I will exercise pendent jurisdiction over the state law claims against Officer Frazier.

▮ Defendants' motion to dismiss raises several other points which require only brief comment. Defendants move to dismiss plaintiff's "claims" under 42 U.S.C. § 1988. However, the complaint merely invokes § 1988 in order to provide plaintiff with a basis for recovering attorney fees should he prevail on his § 1983 claims. Also, in view of the fact that all claims against the City of Philadelphia and Police Commissioner Solomon are dismissed, I need not address defendants' argument that punitive damages may not be recovered against these defendants under federal law. Finally, defendants contend that the § 1983 claims against them must be dismissed in so far as they are sued in their individual capacities because § 1983 imposes liability only for conduct undertaken under color of state law. The phrase "individually and in his official capacity" is merely a standard pleading phrase and has little bearing on substantive issues of liability under § 1983. *Hoopes v. City of Chester,* 473 F.Supp. 1214, 1224 (E.D.Pa.1979). Because the distinction between one's official and individual capacity is not controlling for purposes of § 1983's "color of state law" requirement, defendants' argument must be rejected.

In summary, the complaint will be dismissed except in so far as it alleges a § 1983 claim and pendent intentional tort claims against Officer Frazier. However, because plaintiff may be able to file an amended complaint which would cure some of the deficiencies outlined in this memorandum, he will be granted leave to amend within ten (10) days.

**2.** Although defendants have not raised this point, it is obvious that the complaint as currently drafted does not state a cause of action either for intentional infliction of emotional distress or for malicious prosecution.