Stephen AGRESTA

v.

**CITY OF PHILADELPHIA, et al.**

**Civ. A. No. 87–8308.**

United States District Court,
E.D. Pennsylvania, C.D.

Aug. 23, 1988.

---

Joseph F. Lawless, Jr., Philadelphia, Pa.,
for plaintiff.

Ralph J. Teti, Chief Deputy City Sol., Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

Before the court is the city defendants' motion to dismiss the complaint. In the introduction to the motion, the "city defendants" are said to be: Sambor, Tucker, Gillespie, Fitzpatrick, Doman, Baker, "several unknown police officers", the City of Philadelphia, and the Philadelphia Police Department. In the interest of clarity, we shall address *seriatim* those claims and those defendants whom these defendants seek to have dismissed from this action.

*Dismissal of Claims Under 42 U.S.C. §§ 1986 and 1988 Against All Defendants*

Since the plaintiff states that he is unopposed to such dismissal, the defendants' motion to dismiss is granted as to all defendants insofar as the motion pertains to the plaintiff's causes of action under 42 U.S.C. §§ 1986 and 1988.

*Dismissal of Defendant Police Department of Philadelphia*

█ The complaint is dismissed as to the named defendant, "The Police Department of the City of Philadelphia". The complaint shall be dismissed as to this defendant "because it does not have a separate corporate existence; suits against the [Police] department 'shall be in the name of the City of Philadelphia.' Pa.Stat.Ann. tit. 53, § 16257 (Purdon 1957)." *Baldi v. City of Philadelphia*, 609 F.Supp. 162, 168 (E.D. Pa.1985).

*Dismissal of "Unknown Police Officer Defendants"*

█ With regard to the defendants' motion to dismiss as it pertains to "unknown police officer defendants", that part of the defendants' motion shall be granted because there are no such defendants in the case. "Unknown police officers" have not been named among the defendants in the title of the action found in the caption of the complaint, as required by Fed.R.Civ.P. 10(a).[1]

*Dismissal of Claim Under 42 U.S.C. § 1983 Against Defendants Doman, Baker, Gillespie, Fitzpatrick, Sambor and Tucker*

With regard to the defendants' motion to dismiss as it pertains to defendants Doman, Baker, Gillespie, Fitzpatrick, Sambor and Tucker, we wish to point out that the plaintiff in the instant case is *Stephen* Agresta. The focus, therefore, must be on who did what to *Stephen* Agresta and not to his deceased brother Samuel. The long complaint contains a mixture of allegations concerning alleged illegal conduct directed at both Stephen *and* Samuel Agresta. Stephen has standing only to seek redress of the harm directed at him. We shall, therefore, examine only those paragraphs where defendants Doman, Baker, Gillespie, Fitzpatrick, Sambor and Tucker are alleged to have engaged in illegal conduct towards Stephen Agresta.

Generally speaking, "a complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)." *Iseley v. Bucks County*, 549 F.Supp. 160, 168 (E.D.Pa.1982). When it comes to complaints arising from civil rights statutes, however, a higher de-

---

1. We note that even if the plaintiff had included "unknown police officers" in the title or had resorted to fictitious names such as "Doe" in the title, we would still have had to grant the defendants' motion to dismiss as to these defendants who had been so named. "[T]he general rule is that the complaint must name all the parties...." *Breslin v. City and County of Philadelphia*, 92 F.R.D. 764, 765 (E.D.Pa.1981). Where an unknown party has been sued under a fictitious name—such as "Doe" in the caption of the complaint—a court will dismiss the de-

fendant who has only been fictitiously named. *Tolefree v. Ritz*, 382 F.2d 566 (9th Cir.1967). We believe, of course, that the same result, *i.e.,* dismissal, would be reached if the term were "unknown police officers" instead of "Doe". Since, however, the plaintiff has not named "unknown police officers" in the title of the caption, they are not defendants in the case and so we must grant that part of the defendants' motion which seeks to dismiss nonexistent defendants.

gree of specificity has been required by the Third Circuit. It has been said that "[v]ague and conclusory allegations in a civil rights complaint will not survive a motion to dismiss. *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)." *Id.*

■ The following paragraphs contain relevant mention of either one or all of defendants Doman, Baker, Gillespie and Fitzpatrick by name: # 32, 34, 63, and 83. The following paragraphs refer to "the police defendants", "all defendants acting as Philadelphia police officers", or "all defendants", terms which by implication would include Doman, Baker, Gillespie and Fitzpatrick: # 31, 65, 66, 74, 86, 88, 89, 90, 93, 95, 97, 98, and 99. Unfortunately, all of these paragraphs are either vague, conclusory, or lump all the defendants together so that it is impossible to tell with specificity which defendants are responsible for which acts.

The following paragraph # 31 provides an example of vagueness:

"31. While in custody, Stephen Agresta heard several conversations between Spurka and the police defendants named herein wherein Spurka repeated his lies to the police regarding the 'mafia' connections of Samuel and Stephen Agresta and their father, Samuel Agresta, Sr.; that Samuel Agresta, Sr. had a store in South Philadelphia next to Vento's and that the father and sons were 'connected' (had 'mafia connections'). Spurka told the police that they could never catch Samuel Agresta, that he was too fast and his father Samuel Agresta, Sr. was too 'connected' for it to do any good. The police defendants stated to Spurka that they could catch Samuel Agresta, Jr. and that they could 'take care' of the Agrestas."

The rest of the paragraphs are either conclusory or lack specificity as to particular defendants. Paragraph # 63 will provide an example of the conclusory nature of these paragraphs:

"63. Plaintiff avers on information and belief that the defendant Carroll and/or the Philadelphia Police Department and/or Baker and/or Fitzpatrick and/or Gillespie and/or Doman and/or other unknown police officers at the request and in conspiracy with all defendants, knowingly falsified the facts set forth in the affidavit of probable cause for the issuance of the arrest warrant and formally arrested Stephen Agresta in order to justify the wrongful arrest of Stephen Agresta and/or justify and/or cover up the wrongful shooting of Samuel Agresta, Jr."

Paragraph # 83 is an example of the lack of specificity as to particular defendants:

"83. As set forth herein, plaintiffs aver that Tucker, Sambor, Carroll, Doman, Gillespie, Fitzpatrick, Baker, Spurka, the City, Police Department and unknown police officers combined, conspired and agreed to violate and interfere with those rights secured Stephen Agresta by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania and 42 U.S.C. [§§] 1983, 1986 and 1988 and to intentionally interfere with those rights of plaintiff as set forth herein. In furtherance of the aforementioned conspiracy, the above defendants performed a number of overt acts, including but [*sic*] limited to

(a) wrongfully, maliciously and without probable cause arresting Stephen Agresta; threatening Stephen Agresta; physically striking Stephen Agresta at the scene of his arrest; wrongfully beating and striking Stephen Agresta while in police custody.

. . . . .

(j) wrongfully, maliciously and improperly arresting and prosecuting Stephen Agresta on charges known by all defendants to be false for the purposes of further covering up the wrongful and malicious arrest of Stephen Agresta and/or the wrongful and intentional shooting of Samuel Agresta, Jr. and/or to deter Stephen Agresta and/or the Agrestas from filing suit against all defendants."

We have already noted that vague and conclusory allegations in a civil rights complaint will not withstand a motion to dismiss. *Iseley*, 549 F.Supp. 160. In *Negrich v. Hohn*, 379 F.2d 213 (3d Cir.1967), the Third Circuit affirmed the district court's dismissal of a prisoner's action under 42 U.S.C. § 1983 because the complaint had alleged that all defendants—individuals ranging from the warden to a specifically named prison guard—had inflicted such injustices upon the plaintiff as putting him on bread and water for thirty days, repeatedly beating him and forcing him to sign a statement, denying him the right to see his attorney and placing false charges against him.

The Third Circuit found this complaint fatally defective:

"The complaint is insufficient because it is broad and conclusory. Its insufficiency lies in its failure to state facts in support of its conclusions. The charges of beatings and cruel and unusual punishment are made against the defendants generally and not against any particular defendant. It is apparent that all defendants could not have inflicted the beatings at the times and places indicated...."

*Id.* at 215 (footnote omitted).

So, in the instant case, is there a lack of specificity as to the particular acts of the particular defendants against the plaintiff, Stephen Agresta.[2] Such lack of factual specificity is fatal even where liability is based upon allegations of conspiracy. In *Shirey v. Bensalem Township*, 501 F.Supp. 1138 (E.D.Pa.1980), *appeal dismissed*, 663 F.2d 472 (3d Cir.1981), the court found the allegations in the complaint insufficient because all of the defendants had been "lumped together" and the allegations of conspiracy appeared to be conclusory. Said the court in *Shirey* of these deficiencies in the complaint:

"It [the complaint] fails to identify specific acts of specific defendants. The specificity which exists in the complaint is limited to recitations of particular incidents of particular plaintiffs. The complaint is devoid of any allegations which would put individual defendants on notice of their alleged wrongdoing. All defendants are simply lumped together. Liability of municipalities, police chiefs and unknown police officers is based on unsupported allegations of conspiracy. The complaint fails to provide any underlying factual basis for the conspiracy allegation...."

*Id.* at 1143.

We believe that the complaint in the instant case suffers from these deficiencies as well. The defendants' motion to dismiss as it pertains to Doman, Baker,[3] Gillespie and Fitzpatrick shall be granted.

With regard to the defendants' motion to dismiss as it pertains to former Police Commissioners Sambor and Tucker, these two defendants are given relevant mention by name in the following paragraphs: # 17 and 83. The following paragraphs relevantly refer to "the defendants", "all defendants" or "members of the Philadelphia Police Department", terms which by implication would include Sambor and Tucker: # 32, 34, 35, 37, 62, 63, 65, 66, 74, 75, 81, 82, 84, 85, 86, 88, 89, 90, 93, 97, 98, 99, 102, 103 and 104. All of these paragraphs are

---

**2.** We believe that this lack of specificity may be attributable to the plaintiff's including within his own complaint allegations of misconduct directed against his late brother Samuel. (See, for example, paragraphs 36 to 60). The plaintiff would do well to re-examine this lengthy complaint and to allege only such harm as he himself suffered and which he himself has standing to raise.

**3.** In paragraph # 32, negligence in failing to initiate an investigation is alleged against the "defendants and Baker". In paragraph # 34, Baker "as supervisor of the other defendants" "intentionally and/or negligently failed to properly supervise their activities with regard to Samuel and Stephen Agresta." These paragraphs are also of a conclusory nature and, for this reason, must be found deficient. Moreover, insofar as they contain allegations of negligence in the context of a § 1983 action, they are also open to challenge. In *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 508 (3d Cir. 1985), the Third Circuit had stated that "mere negligence will not suffice to impose liability under § 1983." We would, therefore, find the plaintiff's "negligence" allegations another deficiency in the complaint.

of a conclusory nature and so, too, must fail under the same rationale as we have applied in our discussion of the allegations against defendants Gillespie, Fitzpatrick, Doman and Baker. For this reason, then, the motion to dismiss as it pertains to defendants Sambor and Tucker shall be granted.[4]

*Dismissal of Claim Under 42 U.S.C. § 1983 Against the City of Philadelphia*

█ In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the United States Supreme Court analyzed the legislative history behind the Civil Rights Act of 1871 and concluded that Congress had intended municipalities and other local government units to be included among "persons" subject to suit under 42 U.S.C. § 1983. Not only can a municipality be sued for an allegedly unconstitutional action which implements or executes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," but it can also be sued for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91, 98 S.Ct. at 2035–36.

Liability may not be imposed upon a municipality, however, under the theory of *respondeat superior.* As the court said in *LaPlant v. Frazier,* 564 F.Supp. 1095, 1098 (E.D.Pa.1983): "Plaintiff must show an 'affirmative link' between the occurrence of police misconduct and the City's policy or custom. *Rizzo v. Goode,* 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976). Plaintiff is required to plead these elements with particularity. *Rotolo [v. Burough of Charleroi,* 532 F.2d 920 (3rd Cir.

1976)], *supra.*" In *LaPlant,* the plaintiff brought a § 1983 action against two police officers, the Police Commissioner and the City of Philadelphia. The plaintiff alleged that one of the officers had unlawfully struck him on the head and that both officers had refused him transportation to a medical facility. The court granted the defendants' motion to dismiss as to the City of Philadelphia, finding the allegations against the City to have lacked sufficient specificity. The court said:

"Plaintiff asserts, in a broad and conclusory fashion, that the City of Philadelphia does not train police officers to engage in lawful conduct, and that it customarily refuses to punish officers who do engage in unlawful conduct. Plaintiff then asserts that these practices cause police officers to engage in the type of conduct giving rise to this claim. Although these allegations address the elements for a § 1983 claim against the City, they do not contain sufficient specifics upon which I can weigh the substantiality of the claim. For instance, there is no allegation that Officers Frazier or Stroud previously engaged in misconduct but were not disciplined because of the alleged policy of the City. In short, the complaint provides no factual basis to support a finding of an 'affirmative' link between any custom or policy of the City of Philadelphia and the alleged misconduct of Officers Frazier and Stroud."

*Id.*

█ In the instant case, paragraphs # 76 to 81 contain the plaintiff's allegations against the City. There, one will find the same "broad and conclusory" allegations rejected by the court in *LaPlant.*[5] No

---

**4.** See footnote 7, *infra,* however, for our attitude towards the plaintiff's motion for leave to amend the complaint as it pertains to defendants Sambor and Tucker.

**5.** A comparison of what was found ultimately defective in *LaPlant* with allegations against the City in the instant case is instructive. *LaPlant,* 564 F.Supp. at 1096–1097, states:

"With respect to the City of Philadelphia, plaintiff alleges that policies sanctioned by the City allow police officers to act as defendants

Frazier and Stroud are alleged to have acted. The City is alleged to have a policy of refusing to train police officers properly on the constitutional limits of their authority, and of refusing to discipline police officers who violate those limits. . . ."

Compare this allegation with paragraph # 77 in the complaint in the instant case:

"77. Defendants City and police department, as a matter of policy and practice, have failed to properly train, discipline or otherwise sanc-

factual basis supporting an "affirmative link" between any custom or policy of the City and the alleged misconduct of the police officers named in the action has been provided. In the absence of the necessary factual specificity, we shall grant the defendants' motion to dismiss the § 1983 claim as it pertains to the City of Philadelphia.

*City Defendants' Immunity from Suit for State Law Claims Under the Political Subdivision Tort Claims Act*

The defendants argue that the state law claims against the "city defendants" should be dismissed because these defendants are immune from suit under Pennsylvania's Political Subdivision Tort Claims Act, 42 PA. CONS.STAT.ANN. §§ 8541 *et seq.* (Purdon 1982 & Supp.1988). In this part of the motion, the "city defendants" are not referred to by name, but reference is made to paragraphs # 5 to 14 in the complaint. The defendants named in those paragraphs are: Police Officer Phillip Carroll; former Police Commissioner Gregore Sambor; former Police Commissioner Kevin Tucker; Police Officer James Gillespie; Police Officer Thomas Fitzpatrick; Police Officer Al Doman; Police Officer Daniel Baker; "unknown police officers"; the City of Philadelphia; and the Police Department of the City of Philadelphia. In other parts of this opinion, we have stated that "unknown police officers" do not properly exist as defendants in this case and that the "Police Department of the City of Philadelphia" cannot be named as a defendant since it does not have a separate corporate existence. We shall, therefore, concern ourselves only with the remaining defendants named above.

■ As we read the pendent state law claims in the complaint, it would appear that the plaintiff is bringing tort actions based on false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress,[6] and assault and battery. As far as the City of Philadelphia is concerned, it is immune from suit for the plaintiff's state law claims. The Political Subdivision Tort Claims Act abrogates the liability of a local agency only for certain narrowly excepted negligent acts listed at 42 PA.CONS.STAT.ANN. § 8542(b). "Negligent acts" do not include "acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." 42 PA.CONS.STAT.ANN. § 8542(a)(2). The plaintiff's state tort claims are intentional torts and would fall within the description of acts constituting "actual malice" or "willful misconduct". The City of Philadelphia is, therefore, immune from suit on the plaintiff's state law claims.

■ With regard to defendants Sambor, Tucker,[7] Carroll, Gillespie, Fitzpatrick, Do-

tion its police officers with respect to the constitutional, statutory and departmental limits on their authority, thereby causing police officers and law enforcement officials as well as the defendant officers in this case, to engage in the unlawful and actionable conduct described above."
If such allegations were found insufficient in *LaPlant,* so must they be here.
We also wish to note that, in addition to the absence of an "affirmative link" in paragraphs # 79 to 81, those paragraphs refer not only to use of "excessive force" but also to firearms "discharges". No firearm was *discharged* towards *Stephen* Agresta; it was Samuel Agresta who was allegedly shot by the police. Once more, we advise the plaintiff to review his complaint more carefully so as not to confuse conduct directed against Samuel Agresta with conduct directed against Stephen.

6. We reject defendants' argument that the state law claim of the intentional infliction of emo-

tional distress should be dismissed because of the "unsettled nature" of that tort under Pennsylvania law. We believe that there is sufficient Pennsylvania authority regarding this tort to enable us to determine the validity of the plaintiff's claim.

7. We note that the plaintiff has filed a separate motion seeking to amend the complaint as it pertains to the former Police Commissioners, Sambor and Tucker, so as to frame the allegations against them in their official capacity. Since we are going to grant the plaintiff leave to amend the complaint, leave to amend by including separate paragraphs pertaining to defendants Sambor and Tucker will also be granted. If, after the complaint has been amended, the defendants then wish to raise the defense of immunity as regards defendants Sambor and Tucker under the Pennsylvania Political Subdivision Tort Claims Act, we shall then consider it. For the moment, however, we must consider the complaint as it now stands.

man and Baker, as the complaint stands now, none of these defendants can claim immunity under the Political Subdivision Tort Claims Act, since the torts alleged are intentional torts amounting to "actual malice" or "willful misconduct". Section 8550 states:

"In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply."

The defendants' motion to dismiss on the grounds of immunity, as it pertains to these "city defendants", is denied.

*Pendent Jurisdiction*

State tort claims remain undismissed as to the nonimmune defendants Sambor, Tucker, Carroll, Gillespie, Fitzpatrick, Doman and Baker. The § 1983 claims against defendants Sambor, Tucker, Gillespie, Fitzpatrick, Doman and Baker, however, having been dismissed, we shall decline to exercise pendent jurisdiction over the state law claims against these defendants. *Lopuszanski v. Fabey,* 560 F.Supp. 3 (E.D.Pa. 1982). No motion to dismiss the § 1983 claim against defendant Carroll has been made. Since that federal claim still remains in the case, in the interest of judicial economy and convenience, we shall choose to exercise pendent jurisdiction over the state tort claims against defendant Carroll.

An appropriate order follows.

### ORDER

AND NOW, this 23rd day of August, 1988, the defendants' motion to dismiss is GRANTED in part and DENIED in part, as follows:

1. defendants' motion to dismiss claims under 42 U.S.C. §§ 1986 and 1988 against all defendants is GRANTED;

2. defendants' motion to dismiss defendant Police Department of Philadelphia from the action is GRANTED;

3. defendants' motion to dismiss "unknown police officer defendants" is GRANTED, "unknown police officer[s]" not having been properly named among the defendants' in the title of the action found in the caption of the complaint, as required by Fed.R.Civ.P. 10(a);

4. defendants' motion to dismiss claims under 42 U.S.C. § 1983 against defendants Doman, Baker, Gillespie, Fitzpatrick, Sambor and Tucker is GRANTED;

5. defendants' motion to dismiss the claim under 42 U.S.C. § 1983 against the City of Philadelphia is GRANTED;

6. defendants' motion to dismiss the state tort claims against defendant Phillip Carroll is DENIED; this court shall retain pendent jurisdiction over these claims;

7. defendants' motion to dismiss the state tort claims against defendant City of Philadelphia shall be GRANTED, since the city is immune under the Political Subdivision Tort Claims Act;

8. defendants' motion to dismiss the state tort claims against defendants Sambor, Tucker, Gillespie, Fitzpatrick, Doman and Baker is GRANTED. This court will not retain pendent jurisdiction over these claims because any federal claims against these defendants have been dismissed. The plaintiff may pursue these claims in State Court;

9. since defendants "unknown police officers" and Police Department of the City of Philadelphia have not been properly named in the action, the defendants' motion to dismiss the state law claims against them is GRANTED.

The plaintiff is hereby granted leave to amend the complaint within 30 days of the date of this Order.