AMNESTY AMERICA, suing in its representative capacity on behalf of Jane Does Nos. 1 through 60, and Jane Does Nos. 10, 17, 26, 37, 47 and 52, suing on behalf of themselves, Plaintiffs,

v.

COUNTY OF ALLEGHENY (the "County"), City of Pittsburgh (the "City"), Charles R. Kozakiewicz, Warden of the Allegheny County Jail, Mayer Deroy, Assistant Chief of the City Lockup at the time of the incidents complained of, being sued on behalf of themselves and a Defendant class of employees assigned to take custody of and process Jane Does Nos. 10, 17, 26, and 52 at the Allegheny County Jail, Defendants.

Civ. A. No. 91–0316.

United States District Court,
W.D. Pennsylvania.

April 23, 1993.

298

A. Lawrence Washburn, Jr., New York City, for plaintiffs.

Stacey F. Vernallis, Pittsburgh, PA, for all county defendants.

Richard Joyce, Law Dept., City of Pittsburgh, PA, for city defendants.

**OPINION**

ZIEGLER, District Judge.

Pending before the court are several motions. First, plaintiffs have moved for certification of the defendant classes alleged in their third amended complaint. Second, the County defendants and the City defendants have filed separate motions to dismiss [1] plaintiffs' third amended complaint on various grounds. Third, defendants have moved to strike allegations contained in the caption of the third amended complaint and to strike the addendum which plaintiffs attached to the original complaint and incorporated by reference into the third amended complaint.

This civil action arises out of the arrest of several anti-abortion demonstrators on March 11, 1989, at the Highland Building in the East Liberty section of Pittsburgh. Plaintiffs, females who were arrested on that date and who have thus far been proceeding anonymously, commenced this action for damages and injunctive and declaratory relief against the County of Allegheny and the Warden of the Allegheny County Jail (County defendants), the City of Pittsburgh and the Assistant Chief of the city lockup (City defendants), and approximately twenty-five unnamed County and City employees involved in the arrest and processing of plaintiffs.

Plaintiff, Amnesty America, is suing in its representational capacity on behalf of Jane Does Nos. 1 through 60 and Jane Does Nos. 10, 17, 26, 37, 47 and 52 allege their own claims. As we read the third amended complaint, plaintiffs allege violations of the Fourth, Thirteenth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983,[2] a violation of 42 U.S.C. § 1985(3),[3] violations of 42

1. Whether these motions are treated as motions for summary judgment or motions to dismiss does not affect the rulings below.

2. Section 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

party so injured in an action at law, suit in equity, or other proceeding for redress.
42 U.S.C.A. § 1983 (West 1981).

3. Section 1985(3) provides in pertinent part:

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person of the equal protection of the laws, or of equal privileges and immunities under the laws ... [and] in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in further-

U.S.C. § 1994,[4] seek an award of attorneys' fees and costs under 42 U.S.C. § 1988, and seek a declaration that 18 Pa.C.S.A. § 509, as interpreted by the Pennsylvania Superior Court in *Commonwealth v. Ogin,* 373 Pa.Super. 116, 540 A.2d 549 (1988), *appeal denied,* 521 Pa. 611, 557 A.2d 343 (1989), is unconstitutional as applied to justify forcing the plaintiffs to walk or stand when arrested or detained. In addition, Jane Does Nos. 10, 17, 26, 37, 47 and 52 assert pendent claims for alleged intentional torts. For the reasons set forth below, plaintiffs' motion to certify defendant classes will be denied, defendants' motions to dismiss will be granted in part and denied in part, and defendants' motions to strike will be granted in part and denied in part.

## I. Motion for Certification of Defendant Classes

Jane Does. Nos. 10, 17, 26, 37, 47 and 52 have filed a motion pursuant to Fed. R.Civ.P. 23(a) and (b)(3) to certify two classes of defendants for their claims in the third amended complaint. Specifically, plaintiffs seek to maintain their § 1983 claims for violations of the Fourth and Fourteenth Amendment[5] as a defendant class action against two classes of defendants—(1) a general defendant class consisting of all employees (approximately 25 in number) of the County and City who were assigned to take custody of and process protestors at the Highland Building on March 11 and 12, 1989, and (2) a sub-class of such employees (approximately 10 in number) who were assigned to take into custody and process female protestors. Although unclear from our reading of the motion, it appears that the subclass consists of those employees that plaintiffs allege committed the acts constituting excessive force and/or sexual assault. Furthermore, it is our understanding that members of the "sub-class" include those individuals who have been previously referred to as the "unnamed County Moe defendants." We also note that the unnamed County Moe defendants have been dismissed with respect to any and all claims against them in their individual capacities by opinion and order of this court dated November 4, 1991.

Plaintiffs essentially contend that defendant classes should be certified in this action because defendants Kozakiewicz and Deroy will fairly and adequately protect the interests of the defendant classes and that questions of law and fact common to the defendant classes predominate over questions affecting individual members of the proposed classes. We hold, however, that the requirements for a Rule 23 certification have not been satisfied.

First, we note that the standard for determining whether a § 1983 violation has occurred is different for the proposed representatives and the City and County than for the individual class members. *See Williams v. Borough of West Chester,* 891 F.2d 458, 467 (3rd Cir.1989) ("A municipality may be liable under section 1983 only if it can be shown that its employees violated a plaintiff's civil rights *as a result of a municipal policy or practice.*" (emphasis added)). Thus, while a violation by individual members is a prerequisite to a finding of municipal or supervisory liability, the separate legal stan-

---

ance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have a cause of action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
42 U.S.C.A. § 1985(3) (West 1981).

**4.** Section 1994 provides:

The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usag-

es of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, enforce, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any person as peons, in liquidation of any debt or obligation, . or otherwise, are declared null and void.
42 U.S.C.A. § 1994 (West 1981).

**5.** We limit our discussion of the class certification issue to the excessive force/sexual assault claim pursuant to § 1983 because, as we discuss below, the remaining claims for alleged violations of 42 U.S.C. §§ 1985(3) and 1994 and the Thirteenth Amendment do not survive defendants' motion to dismiss.

dards lead to divergent legal interests by the proposed representatives and members.

Second, we note that, notwithstanding the common theme of mistreatment of female anti-abortion protestors and the allegation that badges and name tags were removed by detaining officers, the factual allegations by each Jane Doe plaintiff are very fact specific. Thus, under these circumstances, certification of a defendant class or classes is not the appropriate vehicle by which to maintain such claims. Thus, we conclude that because the representatives will not fairly and adequately protect the interests of the proposed classes and because questions of law and fact are not sufficiently common, plaintiffs' motion for certification will be denied.

## II. Motions to Dismiss

■ We must construe the third amended complaint in the light most favorable to plaintiffs and may dismiss the third amended complaint only if plaintiffs have alleged no set of facts under which relief could be granted. *Banks v. Wolk*, 918 F.2d 418, 419 (3rd Cir.1990). We hold that plaintiffs' claims for alleged violations of 42 U.S.C. § 1985(3) are foreclosed by the United States Supreme Court's recent decision in *Bray v. Alexandria Women's Health Clinic*, — U.S. —, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). In *Bray* the Court considered whether § 1985(3) provided a federal cause of action against persons obstructing access to abortion clinics. Although the claim here is being pursued by anti-abortion protestors and not against them, we nevertheless find that the Court's discussion of the scope of § 1985(3) is relevant and hold that this statute does not provide a federal cause of action on behalf of protestors opposed to abortion, regardless whether that "class" of protestors consists only of females.

In *Bray*, the Court noted that it had previously held that "[t]he language [of § 1985(3) ] requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that here must be some racial, or

perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." — U.S. at —, 113 S.Ct. at 759 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) (emphasis in original)). The Court rejected the argument that opposition to abortion, as well as race discrimination, qualifies as an "otherwise class-based invidiously discriminatory animus." *Bray*, — U.S. at — – —, 113 S.Ct. at 759. Specifically, the Court stated that "the term [class] unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." *Id.* at —, 113 S.Ct. at 759. Thus, in our view, this statement is dispositive of whether those who express opposition to abortion and protest may allege a conspiracy claim under this statute against law enforcement personnel who disagree with that viewpoint. They may not. Defendants' motions to dismiss will be granted with respect to the § 1985(3) claim.

■ Plaintiffs also allege violations of 42 U.S.C. § 1994 and the Thirteenth Amendment, which, generally speaking, prohibit peonage and involuntary servitude, respectively. As we read the third amended complaint, plaintiffs specifically contend that defendants violated plaintiffs' rights under the Thirteenth Amendment and § 1994 in that plaintiffs were forced to stand or walk when arrested or detained. Third Amended Complaint at 28–29. We hold that such claims fail as a matter of law even when the allegations are construed in the light most favorable to plaintiffs as we must. The prohibitions set forth in the Thirteenth Amendment and § 1994 are simply not implicated by such allegations. Defendants' motions will be granted with respect to plaintiffs' claims for violations of these provisions.[6]

■ Defendants have also moved to dismiss the claims brought by Amnesty America in its representational capacity for lack of standing. In light of the other rulings con-

---

6. Plaintiffs also seek a declaratory judgment that 18 Pa.C.S.A. § 509, as interpreted by the Pennsylvania Superior Court in *Commonwealth v. Ogin*, 373 Pa.Super. 116, 540 A.2d 549 (1988), *appeal denied*, 521 Pa. 611, 557 A.2d 343 (1989),

is unconstitutional under the Thirteenth Amendment to provide justification to force arrestees to walk or stand when arrested and detained. Defendants' motion will be dismissed with respect to this claim as well.

tained in this opinion, Amnesty is left only with claims for alleged violations of the Fourth and Fourteenth Amendment for excessive force and sexual assault. We agree with defendants that Amnesty America lacks associational standing to assert claims on behalf of Jane Does Nos. 1 through 60. "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hospital Council of W. Pa. v. City of Pittsburgh*, 949 F.2d 83, 86 (3rd Cir.1991) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977)).

Amnesty America certainly shares a common political viewpoint with ·the Jane Doe plaintiffs and the interests that it seeks to protect are germane to the organization's purpose of ensuring the protection of anti-abortion protestors' civil rights. However, it fails to satisfy the two remaining prongs of the test for association standing. First, with respect to the first prong referenced above, nowhere is it alleged that the any Jane Doe plaintiffs are members of the self-described "proprietary organization" Amnesty America. Thus, while it is not questioned that Jane Doe plaintiffs have standing to sue in their own right, as Jane Does Nos. 10, 17, 26, 37, 47 and 52 have done, implicit in the first prong is the requirement that the association seeking to bring claims on behalf of its members is that the allegedly injured parties are *members* of the organization.

Second, and more importantly in our view, Amnesty America has failed to satisfy the third prong. The serious allegations of excessive force and sexual assault require the participation of individual "members" in this action. The allegations and claims for relief concerning the § 1983 claims are fact-intensive and the testimony of Jane Doe plaintiffs will be necessary to sustain such claims.

Thus, defendants' motions to dismiss the claims asserted by Amnesty America for lack of associational standing will be granted.

■ This brings us to a related issue, namely, the propriety of Jane Doe plaintiffs proceeding anonymously in this action. In our judgment, plaintiffs cannot proceed anonymously if they wish to continue this civil action. As noted above, these Jane Doe plaintiffs must establish a constitutional violation by employees of defendant County or by employees of defendant City to establish a claim against the supervisory defendants, the municipal defendants, and, of course, the employees themselves if named.[7] Under the circumstances, fairness to these defendants outweighs any right to privacy of the Jane Doe plaintiffs to proceed anonymously. In sum, plaintiffs will be ordered to provide defendants with the names of the Jane Doe plaintiffs who desire to proceed and will be ordered to identify and serve those officers alleged to have committed the acts of brutality and assault.

■ Defendants also contend that the intentional tort claims set forth in pages 32–35 of the third amended complaint must be dismissed against the City and County because they are immune under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq. Agresta v. City of Philadelphia*, 694 F.Supp. 117, 123 (E.D.Pa.1988) (Section 8542(a)(2) renders city immune from liability for state-law intentional torts). We agree. Defendants' motions to dismiss the intentional tort claims will be dismissed to the extent that such claims are asserted against the City and County.

### III.  Motion to Strike

■ Finally, defendants have moved to strike the allegations contained in· the caption of plaintiffs' third amended complaint and the addendum attached to the original complaint and incorporated into the third amended complaint. The motion will be granted with respect to the factual allegations con-

---

**7.** We make no decision regarding the statute of limitations defense raised by defendants. If plaintiffs wish to continue the § 1983 action and identify the employees who allegedly committed

the acts of brutality and assault, we will then consider whether such claims are barred by the statute of limitations if the defense is raised.

## 302

tained in the caption. With respect to the addendum, defendants argue that it contains scandalous and/or repetitive allegations. We have reviewed the addendum, and while arguably repetitive, we conclude that defendants will suffer no prejudice, other than the anonymity of the affiants, from the attachment of the affidavits. However, we note that our ruling with regard to Jane Doe plaintiffs proceeding anonymously applies to any affidavits should the case move forward. Defendants' motions to strike will be granted in part and denied in part.

A written order will follow.

### ORDER OF COURT

AND NOW, this 23rd day of April 1993, after consideration of the submissions of the parties,

IT IS ORDERED that plaintiffs' motion for certification of defendant classes be and hereby is denied.

IT IS FURTHER ORDERED that defendants' motions to dismiss be and hereby are granted with respect to the claims for alleged violations of the Thirteenth Amendment, 42 U.S.C. § 1994, and 42 U.S.C. § 1985(3).

IT IS FURTHER ORDERED that defendants' motions to dismiss the intentional tort claims be and hereby are granted to the extent that such claims are asserted against the City and County.

IT IS FURTHER ORDERED that any Jane Doe plaintiff must provide her name to defendants within 30 days if she desires to continue a claim under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that plaintiffs must identify and serve within 60 days any employees of the City and County against whom a claim pursuant to § 1983 is alleged.

IT IS FURTHER ORDERED that defendants' motions to strike be and hereby are granted in part and denied in part.