**William H. MOSER, Plaintiff,**

v.

**Francis BASCELLI, Officer, Ridley Township Police Department and Ridley Township, Defendants.**

No. 94–CV–2357.

United States District Court,
E.D. Pennsylvania.

Oct. 17, 1994.

Robert J. Bush, Robert J. Bush & Associates, Media, PA, for plaintiff.

William F. Holsten, II, Holsten & White, Media, PA, for defendants.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

This civil matter has been brought before the Court by motion of the defendants, Officer Francis Bascelli, the Ridley Township Police Department and Ridley Township, who seek dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, the defendants' motion to dismiss is granted in part and denied in part.

## I. HISTORY OF THE CASE

The plaintiff in this case is William Moser, a motorist who received a gunshot wound to each arm as a result of an altercation with members of the Ridley Township Police Department (Police Department). Mr. Moser has brought this lawsuit, seeking compensatory and punitive damages as well as attorneys' fees and costs, against the Police Department, Ridley Township and Officer Francis Bascelli, the police officer who allegedly fired the shots that caused Mr. Moser's injuries. Mr. Moser's complaint contains five counts, including the torts of battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and a claim based on respondeat superior, as well as a federal claim alleging that the defendants violated Mr. Moser's civil rights. In support of their motion to dismiss the complaint, the defendants assert that they are immune, under Pennsylvania law, from liability under the pendent tort claims. Further, the defendants argue that the civil rights claim should be dismissed because the complaint lacks the factual specificity required of claims based upon civil rights violations.

The facts giving rise to this action are in considerable dispute, but since the issue here is whether Mr. Moser has stated a claim on which relief can be granted, this Court must take as true all of the factual allegations made in the complaint. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994). Accordingly, on April 15, 1992, Mr. Moser was operating a vehicle in the vicinity of Ridley Township, Pennsylvania when he apparently failed to come to a complete stop at a posted stop sign. Police officers signaled Mr. Moser to stop the car, but Mr. Moser continued to proceed toward his home. Other officers became involved in the chase, and eventually the police car driven by Officer Bascelli trapped Mr. Moser so that he could proceed no further. At that point, Officer Bascelli got out of the car, uttered a warning to Mr. Moser, and then fired three shots at the plaintiff, two of which struck Mr. Moser in the arms. Mr. Moser, sensing greater danger, then ran his car into Officer Bascelli's car in order to effectuate an escape. After moving the police car out of the way, Mr. Moser drove to his home, where he was arrested after a brief scuffle.

## II. DISCUSSION

### A. Standards Applicable to a Rule 12(b)(6) Motion

In considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint's allegations must be construed favorably to the pleader. The court must accept as true all of the plaintiff's factual allegations and draw from them all reasonable inferences. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d

Cir.1991) (citations omitted). Thus, the court will grant a Rule 12(b)(6) motion only if there are no set of facts under which the non-moving party can prevail. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). Further, a complaint may be dismissed pursuant to Rule 12(b)(6) where the defendant contends that under the facts alleged he is entitled to immunity, even though immunity is generally characterized as an affirmative defense. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 787 F.Supp. 471, 480 (E.D.Pa.1992), *vacated on other grounds*, 20 F.3d 1250 (3d Cir.1994). In deciding this motion, this Court will apply these standards to each of the five counts raised in Mr. Moser's complaint.

## B. *Battery*

■ Under Pennsylvania law, "the elements of the tort of battery are 'a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent.'" *Levenson v. Souser*, 384 Pa.Super. 132, 146, 557 A.2d 1081, 1088 (quoting Prosser & Keeton, *Law of Torts*, at 39 (5th ed. 1984)), *appeal denied*, 524 Pa. 621, 571 A.2d 383 (1989). Although the defendants' motion is styled as a request to dismiss the plaintiff's complaint in its entirety, the defendants do not dispute that Mr. Moser's complaint properly states a claim of battery as to Officer Bascelli. Officer Bascelli's conduct, as alleged in the complaint, satisfies all of the elements of the tort of battery. As a result, Mr. Moser's claim of battery as to Officer Bascelli will survive this motion.

■ The Police Department and Ridley Township, on the other hand, assert that they are immune from liability on the battery charge pursuant to Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa.Cons. Stat.Ann. §§ 8541–8564 (the Tort Claims Act). The general provision with respect to governmental immunity dictates that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." § 8541. The Tort Claims Act, however, pro-

vides for exceptions to the broad immunity granted in section 8541. Accordingly, a local agency will not be immune if two conditions are met: (1) the cause of action arose out of acts which would, under normal circumstances, expose the actor to liability pursuant to either statutory or common law; and (2) "[t]he injury was caused by the *negligent* acts of the local agency or an employee thereof...." § 8542(a) (emphasis added). The Tort Claims Act specifically provides that "'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." § 8542(a)(2).

Therefore, the Police Department and Ridley Township are immune from all lawsuits arising out of the willful misdeeds of their police officers. Since battery is an intentional tort, and the acts alleged in the complaint describe willful misconduct on the part of Officer Bascelli, the Police Department and Ridley Township are immune from any lawsuit grounded in battery. *See Agresta v. City of Philadelphia*, 694 F.Supp. 117, 123 (E.D.Pa.1988) (dismissing plaintiff's battery and intentional infliction of emotional distress claims against the defendant City of Philadelphia on the grounds that the City was immune from lawsuits grounded in intentional torts). Accordingly, the battery claim is dismissed as to the Police Department and Ridley Township.

## C. *Intentional Infliction of Emotional Distress*

Pennsylvania courts recognize the tort of intentional infliction of emotional distress, but they have found the action to lie in only a limited number cases. Thus, in order for a plaintiff to recover under this theory of liability, the defendant must have acted in a manner "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Salerno v. Philadelphia Newspapers*, 377 Pa.Super. 83, 91, 546 A.2d 1168, 1172 (1988) (citations and internal quotations omitted); *Rinehimer v. Luzerne County Community College*, 372 Pa.Super. 480, 494, 539 A.2d 1298, 1305 (citations omitted), *ap-*

*peal denied,* 521 Pa. 606, 555 A.2d 116 (1988). Further, the Pennsylvania courts have limited recovery to only those plaintiffs who have suffered severe emotional turmoil as a result of a defendant's behavior. The Pennsylvania Supreme Court has enunciated an objective standard, permitting recovery only "where a reasonable person normally constituted would be unable to adequately cope with the mental stress engendered by the circumstances of the event." *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 193–94, 527 A.2d 988, 993 (1987) (citation omitted).

■ Applying these principles to the instant matter, this Court first concludes that the intentional infliction of emotional distress claim must be dismissed as to the Police Department and Ridley Township. As noted above, these defendants cannot be sued for a police officer's intentional tort. *Agresta,* 694 F.Supp. at 123. With respect to Officer Bascelli, the defendants argue that the degree of mental stress alleged in the complaint does not rise to the level of the type of emotional injury compensable in Pennsylvania's courts. Mr. Moser's complaint provides as follows: "Plaintiff has suffered great mental anguish and distress causing among other things, sleepless nights, stress in his life and worry and fear in his contact with public officials." Complaint, para. 16. The defendants contend that Mr. Moser's maladies do not constitute a severe mental injury.

■ Upon review of the parties' arguments, this Court concludes that Mr. Moser has properly stated an intentional infliction of emotional distress claim against Officer Bascelli. First, it appears that Officer Bascelli's conduct, as alleged in the complaint, was extreme and outrageous. The complaint contends that Officer Bascelli chased down and cornered a traffic violator, and without cause or justification, fired three shots at the plaintiff, striking him twice. The allegation describes the sort of extreme behavior that, if proved, can properly be characterized as "atrocious and utterly intolerable in a civilized society." *Salerno,* 377 Pa.Super. at 91,

546 A.2d at 1172. Further, by alleging that he has suffered "great mental anguish" as a result of Officer Bascelli's conduct, Mr. Moser has properly set forth his intentional infliction of emotional distress claim. It will be left for Mr. Moser to demonstrate at trial that he has incurred the sort of severe emotional injury required by the Pennsylvania courts for recovery under this theory of liability. Accordingly, Mr. Moser's intentional infliction of emotional distress claim will be dismissed only as to the Police Department and Ridley Township.

### D. *Negligent Infliction of Emotional Distress*

■ The Tort Claims Act provides all three defendants with an immunity from a lawsuit brought under the theory of negligent infliction of emotional distress. Section 8542(b) provides that a local governmental agency is immune from any suit based upon the negligent acts of the agency or an employee, unless the cause of action relates to one of eight categories: (1) vehicle liability; (2) the care, custody or control of personal property; (3) the care, custody or control of real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; or (8) the care, custody or control of animals. § 8542(b). Since the instant action does not fall into one of these eight categories, the Tort Claims Act immunizes the Police Department and Ridley Township from this claim.

Officer Bascelli is also immune under this count. Section 8545 provides as follows:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

§ 8545. Since the Police Department is immune under this theory of liability, so too is Officer Bascelli.[1] *See Cooper v. City of Chester,* 810 F.Supp. 618, 625 (E.D.Pa.1992) (hold-

---

1. While section 8545 provides Officer Bascelli with an immunity from tort suits grounded in negligence, it does not help him as to the intentional torts. Section 8550 provides that section 8545 does not apply if the action is based upon the willful misconduct of a local agency or employee.

ing local agency and employee immune from tort suits arising out of negligence unless the suit falls into one of the categories enumerated in section 8542). Accordingly, the plaintiff's claim as to the negligent infliction of emotional distress is dismissed as to all three defendants.

### E. *Respondeat Superior*

 Under the doctrine of respondeat superior, a principal is generally liable for the torts of its employee, provided that such acts were committed during the course of the employment. *Solomon v. Gibson,* 419 Pa.Super. 284, 293, 615 A.2d 367, 371 (1992). The Tort Claims Act, however, is an exception to this general rule. Thus, in Pennsylvania, "local agencies ... are not liable for any damages for injuries caused by any act of the agency or an employee thereof." *Kasavage v. City of Philadelphia,* 105 Pa.Commw. 554, 557, 524 A.2d 1089, 1090 (1987). To allow Mr. Moser's count based upon respondeat superior to go forward, therefore, would be to rewrite Pennsylvania's statute books. Accordingly, this Court will dismiss Mr. Moser's complaint as to the respondeat superior claim.[2]

### F. *Civil Rights*

 Count V of the plaintiff's complaint asserts an entitlement to relief under 42 U.S.C. § 1983. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983 (West 1994). Thus, to properly state a section 1983 claim, a plaintiff must allege a deprivation of a right guaranteed by the Constitution or the laws of the United States by a defendant acting under color of law. *Tunstall v. Office of Judicial Support,* 820 F.2d 631, 633 (3d Cir.1987) (citing *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978)). Mr. Moser contends that he was subjected to excessive force during the course of his arrest, and that his rights under the Fourth and Fourteenth Amendments to the Constitution were violated. The defendants do not dispute that Mr. Moser has properly set forth a section 1983 claim as to Officer Bascelli. Therefore, the defendants' motion to dismiss the civil rights claim as to Officer Bascelli will be denied.

 With respect to the Police Department and Ridley Township, however, the defendants argue that the facts alleged in the complaint have not been pleaded with sufficient particularity.[3] Courts in this circuit have held that there is a heightened pleading standard for section 1983 claims, one that requires a plaintiff to "do more than recite the necessary elements of policy, practice or custom, causation and deliberate indifference." *Cooper,* 810 F.Supp. at 623. Accordingly, section 1983 plaintiffs in this circuit were made to raise specific instances of un-

---

**2.** Nor can the Police Department or Ridley Township be held liable under a respondeat superior theory for a section 1983 violation. *Monell v. New York Dep't of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

**3.** Mr. Moser's complaint provides, in pertinent part, as follows:

> 32. The Defendants Ridley Township Police Department and Ridley Township caused these constitutional violations by practice, policy and custom of failing to properly train, supervise and discipline, the municipal police officers of it's (sic) jurisdiction, including the individual Defendants (sic), regarding constitutional re-

straints on the use of force and the rights of arrestees.

> 33. The Defendants have been deliberately indifferent to the rights of arrestees to be free from the use of excessive force. In cases where officers have previously violated the rights of arrestees by such actions, there has been inadequate disciplinary or other action taken against the offending officers.

> 34. The failure of the Defendants to properly train, supervise, and discipline it's (sic) officers amounts to deliberate indifference to the Plaintiff's rights under the Fourth and Fourteenth Amendments and was a proximate cause of the illegal conduct specified in this Complaint.

constitutional conduct rather than merely pleading vague and conclusory allegations. *Freedman v. City of Allentown*, 853 F.2d 1111, 1114–15 (3d Cir.1988); *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir.1986); *Rotolo v. Charleroi*, 532 F.2d 920, 922 (3d Cir.1976).[4]

The United States Supreme Court, however, has recently reviewed the heightened specificity standard, attempting to reconcile it with the liberal notice pleading system set forth in the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(a)(2) (requiring that a complaint contain only a "short and plain statement of the claim showing that the pleader is entitled to relief") and Fed. R.Civ.P. 9(b) (requiring that facts supporting a claim involving fraud or mistake be stated with particularity). In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), a unanimous Court held that since Rule 9(b) does not include section 1983 cases among those for which specific pleading is required, the heightened pleading requirement could not be squared with the Federal Rules. As a result, section 1983 pleadings are to be evaluated in accordance with the liberal standard enunciated in Rule 8(a). *Id.* at ——, 113 S.Ct. at 1163. In light of the *Leatherman* decision, this Court cannot dismiss Mr. Moser's complaint on the grounds that the section 1983 count was not pleaded with sufficient specificity.[5] Mr. Moser's section 1983 claim properly sets forth the basis for the relief he seeks. A federal court can require no more. Accordingly, the defendants' motion to dismiss Mr. Moser's civil rights claim must be denied.

### III. *SUMMARY AND CONCLUSION*

For the foregoing reasons, the defendants' motion to dismiss Mr. Moser's complaint is granted in part and denied in part as follows. The motion to dismiss the battery claim is granted as to the Police Department and Ridley Township, but denied as to Officer Bascelli. The motion to dismiss the intentional infliction of emotional distress claim is also granted as to the Police Department and Ridley Township, but denied as to Officer Bascelli. The motion to dismiss the claims based on the negligent infliction of emotional distress and respondeat superior are both granted as to all three defendants. Finally, the motion to dismiss the civil rights claim is denied as to all three defendants.

---

**4.** The rationale for the heightened pleading standard stems from the courts' desire to eliminate frivolous claims at the outset of the litigation process. In justifying this standard, the Third Circuit Court of Appeals commented that

"A substantial number of [civil rights] cases are frivolous or should be litigated in the State courts; they all cause defendants—public officials, policemen and civilians alike, considerable expense, vexation, and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the federal courts open to legitimate claims." *Rotolo*, 532 F.2d at 922 (quoting *Kauffman v. Moss*, 420 F.2d 1270, 1276 n. 15 (3d Cir.1970)).

**5.** The Supreme Court concluded that the specific pleading requirement could not be imposed without an amendment to the Federal Rules. "In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.*